Opinion issued November 10, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

No. 01-10-00054-CR

————————————

KENNETH
SHAYE ERVIN, Appellant

V.

THE STATE OF TEXAS,
Appellee



 



On
Appeal from the 182nd District Court

Harris
County, Texas



Trial Court Cause No. 1164612

 



CONCURRING OPINION

          [T]he
decision of [Texas Courts of Appeals] shall be conclusive on all questions of
fact brought before them on appeal or error.  

 

                                                                      Tex.
Const. art. V, § 6(a).

 

           As noted by the majority, five judges on the Texas Court of Criminal
Appeals, in two separate opinions, have now concluded that in criminal cases “a legal-sufficiency [appellate]
standard [of review] is ‘indistinguishable’ from a factual-sufficiency
[appellate] standard” of review.  Brooks v. State, PD-0210-09, 2010 WL 3894613, at *7
(Tex. Crim. App. Oct. 6, 2010) (Hervey,
J., joined by Keller, J., Keasler, J., and Cochran, J.); see id. at 14–22 (Cochran, J., joined by Womack, J., concurring) (overruling use in criminal cases of factual-sufficiency
appellate standard of review, which was consistent with Texas Supreme Court
precedent and articulated in Clewis v.
State, 922 S.W.2d 126, 134–36 (Tex. Crim. App. 1996)).  

The five judges purport to substitute a legal-sufficiency
appellate standard of review in place of a factual-sufficiency appellate
standard of review.[1]  Brooks, 2010 WL 3894613, at *1 (holding that legal-sufficiency
standard articulated in Jackson v.
Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979) is “only standard” reviewing
court should apply in determining whether evidence is sufficient to support
each element of criminal offense).  Asserting
that the “two standards have become essentially the same standard and that
there is no meaningful distinction between them that would justify retaining them both,” the five judges
purport to eliminate from Texas’s criminal jurisprudence the factual-sufficiency
appellate standard of review.  Id. (emphasis added).  An unintended consequence of this, which is
not addressed by the five-judge majority in either of their opinions, would be
to prohibit Texas courts of appeals in criminal cases from actually deciding
questions of fact, which by their very nature require a Texas court of appeals
to consider and weigh all the evidence in a trial record and, if appropriate,
reverse the judgment of a trial court and remand for a new trial.  It would confine the courts of appeals to
addressing the purely legal question of whether the evidence, when not weighed,
but rather when viewed in the light most favorable to the prosecution, is
legally sufficient to support a criminal conviction.  Thus, it would render the factual-conclusivity
clause, quoted above, in Article V, section 6 of the Texas Constitution a dead
letter in criminal appeals.

This, respectfully, the Texas Court of Criminal Appeals has
neither the jurisdiction nor any lawful authority to do.  In fact, three years prior to issuing its
opinion in Clewis, the court itself
acknowledged that it simply may not order Texas courts of appeals to use a
legal-sufficiency appellate standard of review to decide the questions of fact
brought before them on appeal.  Ex parte Schuessler, 846 S.W.2d 850, 852
(Tex. Crim. App. 1993).  Recognizing that
it may not “interfere[] with the fact jurisdiction of the intermediate
appellate courts,” the court emphasized that it is “not constitutionally
authorized to adopt a standard of review for the court[s] of appeals . . . inconsistent with Art. V, § 6 of [the
Texas] Constitution.”  Id. at 853 (emphasis added) (quoting Meraz v. State, 785 S.W.2d 146, 153
(Tex. Crim. App. 1990)).  Any such action
taken by the court of criminal appeals is, in its own words, “void ab initio,” i.e., from its
inception.  Ex parte Schuessler, 846 S.W.2d at 852–53.

In granting a post-conviction application for writ of habeas
corpus, the court explained:

In the instant case, this Court erroneously held that a legal
sufficiency standard of review, rather than a factual sufficiency review, was
the proper appellate standard for determining the sufficiency of the evidence .
. . .  Ordinarily, such a holding, even
though subsequently held to be erroneous, would not be subject to review.[] However, our holding was not just erroneous; it was made without jurisdiction.


 

. . . .

 

The Court of Appeals applied the appropriate standard and reversed
applicant’s conviction. This Court lacked
jurisdiction to hold otherwise. . . . Because this Court was without
jurisdiction to reverse the judgment of the Court of Appeals, our judgment in this case is void ab initio, and therefore properly
challenged in this collateral attack. See
Ex Parte Kirby, 626 S.W.2d 533, 534 (Tex. Cr. App. 1981) (“judicial action
without jurisdiction is void and challengable [sic] by way of a post-conviction
application for writ of habeas corpus”).

 

Id. (emphasis added).

According to the court, the only way to preclude a Texas
court of appeals from “determin[ing] if a jury finding is against the great
weight and preponderance of the evidence,” i.e., determining a question of fact,
is for “the people of the State of Texas to amend the Constitution.”  Meraz,
785 S.W.2d at 154.  Of course, neither
the Texas Court of Criminal Appeals, nor the Texas Supreme Court, nor this
Court has the power to amend the Texas Constitution.

          In Texas, “[t]he right to
trial by jury shall remain inviolate.”  Tex. Const. art. I, § 15.  Trial by jury is, in the words of Blackstone,
the “palladium” of public justice and the institution best “adapted and framed
for the investigation of truth.”  3 William Blackstone, Commentaries 355
(The Legal Classics Library Special Edition 1765–1769); 4 William Blackstone, Commentaries 343
(The Legal Classics Library Special Edition 1765–1769).  However, the fact that a party to a lawsuit,
including an accused in a criminal case, has exercised that right by insisting
upon a jury trial does not preclude him from challenging as erroneous a fact
finding on appeal.  Jurors, like judges,
are human, not infallible, and may be subject to manipulation.  Indeed, in Blackstone’s time, “[f]ictitious
verdicts were common.”  Daniel J. Boorstin, The Mysterious Science of the Law 147
(University of Chicago Press 1996 (1941). 
As explained by Justice Felix Frankfurter:

Trial by jury as guaranteed
by the Constitution of the United States and of the several states presupposes
a jury under proper guidance of a disinterested and competent trial judge. . .
.  It is an important element of trial by
jury which puts upon the judge the exacting duty of determining whether there
is solid evidence on which a jury’s verdict could be fairly based. . . .  Only an incompetent or a wil[l]ful judge
would take a case from the jury when the issue should be left to the jury . . .
The easy but timid way out for a trial judge is to leave all cases tried to a
jury for jury determination, but in doing so he fails in his duty to take a
case away from the jury when the evidence would not warrant a verdict by
it.  A timid judge, like a biased judge,
is intrinsically a lawless judge. 

 

Wilkerson v. McCarthy, 336 U.S. 53, 64–65, 69 S. Ct. 413,
419 (1949) (Frankfurter, J., concurring) (citations omitted).  

Although the right to trial by jury is indeed the
bulwark of our liberties, no one has ever seriously argued that juries always “get it right,” even when there
is, at a bare minimum, legally-sufficient evidence to support their
verdict.  Even today, the reality is that
there are individuals who have been convicted by juries of criminal offenses
with legally-sufficient evidence only to be later exonerated after spending a
considerable amount of time in prison. 
Thus, an additional judicial check, as contemplated in the
factual-conclusivity clause, on a jury’s authority to decide questions of fact
is not inappropriate and serves to further protect against wrongful
conviction.  In fact, the Texas
Legislature has expressly directed, consistent with the factual-conclusivity
clause, that Texas courts of appeals “may reverse the judgment in a criminal
action  . . . upon the facts.”  Tex.
Code Crim. Proc. Ann. art. 44.25 (Vernon 2006) (entitled, “Cases
Remanded”).

As early as 1841, the Supreme Court of the Republic of
Texas recognized that “the defendant in a criminal prosecution in the district
court has the right of appeal to this court from the judgment, or sentence of
the court below, and to have the facts
as well as the law, at his own election, opened
for re-examination.”  Republic v. Smith, Dallam 407, 410–11
(Tex. 1841) (emphasis added).  Texas has
always recognized that a party on appeal may challenge as erroneous a fact
finding on the grounds that, (1) as a question of law, the issue should not
have been submitted to the jury at all, i.e., the evidence is legally
insufficient to support the finding, or, (2) as a question of fact, although
the issue was properly submitted to the jury with legally-sufficient evidence,
the jury erred in weighing the evidence, i.e., the evidence is factually
insufficient to support the finding.  See Choate v. San Antonio & A.P. Ry. Co., 44 S.W. 69 (Tex. 1898). 

          In regard to appellate challenges
based on the factual insufficiency of the evidence, the factual-conclusivity clause
provides in no uncertain terms that:

[T]he
decision of [Texas Courts of Appeals] shall be conclusive on all questions of fact brought before them on appeal
or error.  

 

Tex. Const. art. V, § 6(a) (emphasis added).  The original intent of the drafters of the
clause is clear.  The clause “requires”
that Texas courts make a “distinction” between questions of law and questions
of fact.  Sw. Bell Tel. Co. v. Garza, 164 S.W.3d 607, 621 (Tex. 2004).  And the Texas Supreme Court has long
recognized that its purpose is “to restrict, in express terms, the jurisdiction of the supreme court, and to confine it to questions of law.”  Choate,
44 S.W. at 69 (emphasis added).  Although
the courts of appeals have very rarely and “reluctantly exercised” their power
to reverse trial-court judgments and remand cases for a new trial based upon
the factual insufficiency of the evidence, “it is the right and duty of the
court [of appeals] to set aside a verdict, when it is against such a
preponderance of the evidence that it is clearly wrong.”  Mo.
Pac. Ry. v. Sommers, 14 S.W. 779, 779 (Tex. 1890). 

In Choate, the court noted that in
concluding that the then court of civil appeals had erred in holding that there
was no evidence to support a jury verdict in favor of the plaintiff and in
instructing the trial court to direct a verdict for the defendant, the supreme
court had “neither exceeded [its] powers nor intrenched upon the jurisdiction
of the [then] court of civil appeals . . . .” 
44 S.W. at 69.  The court
explained:

[I]t is elementary that whether there be any evidence or not to
support an issue is a question of law, and not of fact, and it follows that the
decision of the [then] court of civil appeals upon such a question is subject
to review by this court.  

 

Id.  In contrast,
although it is the province of the jury to determine questions of fact, “it is
in the power of the trial judge to set aside the finding, and to award a new
trial.”  Id.  A court of appeals “has
the same power upon appeal.”  Id. 
Thus, if a verdict is “against such a
preponderance of the evidence as to justify such action,” a court of appeals
may “set it aside, and remand the cause for a new trial.”  Id.
at 70.  And the court of appeals’ “action
upon such questions is made final,
and not subject to be reviewed by [the supreme] court.”  Id.
(emphasis added).  As recently recognized
by the court of criminal appeals, “The Factual Conclusivity Clause gives final appellate jurisdiction to the
court of appeals on questions of fact brought before the court.”  Laster
v. State, 275 S.W.3d 512, 518–19 (Tex. Crim. App. 2009) (emphasis
added).  

 Thus, “a review of the evidence for factual
sufficiency is a power committed exclusively
to the court[s] of appeals.”  Regal Fin. Co. v. Tex. Star Motors, 53
Tex. Sup. Ct. J. 1034, 1040, 2010 WL 3277132, at *7 (Tex. Aug. 20, 2010)
(emphasis added).  Accordingly, in regard
to the questions of fact presented to a Texas court of appeals, the supreme
court and court of criminal appeals have jurisdiction only to determine the purely legal question of whether the court of
appeals did its job in addressing a question of fact by actually considering
and weighing all of the evidence in the record and, if it judges the evidence
factually insufficient to support a finding of fact, stating its reasons for
doing so.  Pool v. Ford Motor Co., 715 S.W.2d 629, 633–35 (Tex. 1986); In re King’s Estate, 244 S.W.2d 660,
661–62 (Tex. 1951).  In other words, did
the court of appeals apply the correct standard of appellate review by
considering “all the relevant
evidence” in addressing the question of fact presented on appeal.  Laster,
275 S.W.3d at 518–19; Cain v. State,
958 S.W.2d 404, 408 (Tex. Crim. App. 1997) (emphasis added).  

In Meraz, the Texas Court of Criminal
Appeals, six years before issuing its opinion in Clewis, expressly recognized that Texas courts of appeals have
“conclusive fact jurisdiction.”  Meraz, 785 S.W.2d at 154.  The court “join[ed] . . . the Texas Supreme
Court and conclude[d] that the ‘factual conclusivity clause,’ within Art. V, §
6, operates to limit our jurisdiction and confers conclusive jurisdiction on
the courts of appeals to resolve
questions of weight and preponderance of the evidence . . . .”  Id.
(emphasis added).  Although it addressed
the issue in the context of a defendant’s affirmative defense, the court stated
that its conclusion was “dictated by stare decisis” because it had, seventeen
years prior to issuing its opinion in Clewis,
recognized that it had “no jurisdiction” to consider, as requested by a
defendant, whether “the jury’s decision regarding his claim of incompetency was
‘so contrary to the great weight and preponderance of the evidence as to be
manifestly wrong [and] unjust.’”  Id. at 155 (citing White v. State, 591 S.W.2d 851, 854 (Tex. Crim. App. 1979)).  In White,
Presiding Judge Onion, writing for the court, stated, “This court has no jurisdiction to do what the
[defendant] requests” because the factual-conclusivity clause precluded it from
doing so.  591 S.W.2d at 855 (emphasis
added).  The court, in Meraz, explained:

Any reading of the quoted language [from White] makes it obvious that this Court
has expressly recognized that the then courts of civil appeals had the jurisdiction to consider the great
weight and preponderance of evidence questions. Moreover, the Court expressly recognized that such jurisdiction
was exclusively with the courts of civil appeals to the exclusion of the
Supreme Court. In addition, it endorsed the Supreme Court’s opinions which
interpreted Art. V, § 6, in that manner.

 



Obviously White v. State .
. . preceded the constitutional
amendment that conferred criminal jurisdiction upon the courts of civil appeals
and made them courts of appeals.  . . .  However, considering that the constitutional
amendment did not in any manner affect that portion of Art. V, § 6, which
grants the authority to conduct a factual review of the evidence, it is
apparent that the Court’s observations and conclusions cannot and should not be
altered and thus constitute stare
decisis.[[2]]

 

785 S.W.2d at 155
(citations omitted) (emphasis added).  

Thus,
when a Texas court of appeals, pursuant to its constitutionally-delineated duty
under the factual-conclusivity clause, and its statutorily-delineated duty
under Code of Criminal Procedure article 44.25, entitled “Cases Remanded,”
decides a question of
fact brought before it on appeal, it necessarily must, at the very least in its
scope of review, neutrally consider and weigh all the evidence in the record to
determine whether the challenged fact finding is erroneous.  See
In re King’s Estate, 244 S.W.2d at
661.  The court of criminal appeals has
specifically recognized that “the phrase ‘question of fact,’” as used in the
factual-conclusivity clause, is “a legal term of art signifying ‘questions of
weight and preponderance of the evidence.’” 
Cain, 958 S.W.2d at 408.  This is axiomatic; it is what deciding a
question of fact is about:

The question requires the
[court of appeals], in the exercise of its peculiar powers under the
constitution . . . to consider and weigh
all of the evidence in the case and to set aside the verdict and remand the
cause for a new trial [if appropriate] 
. . .  regardless of whether the
record contains some ‘evidence of probative force’ in support of the verdict. .
. . The evidence supporting the verdict
is to be weighed along with the other evidence in the case, including that which is contrary to the
verdict.

 

In re King’s Estate, 244 S.W.2d at 661 (emphasis
added).  Indeed, it is reversible error
for a Texas court of appeals to “treat[] [a factual sufficiency challenge] as a
question of law” and not to consider and weigh all the evidence when deciding a
question of fact.  Id.  How could a court of
appeals ever decide a question of fact and remand a case for a new trial
pursuant to its duties under the Texas Constitution and article 44.25 if it is
limited to reviewing the legal sufficiency of the evidence?

A legal-sufficiency analysis, which limits the scope
of review to the evidence in the record in the light most favorable to the
finding and stands in stark contrast to a factual-sufficiency analysis, does
not require such a consideration and weighing of all the evidence, including that which is contrary to the
verdict.  As revealed in the
following chart, which is based on the scholarly work of W. Wendall Hall and
former First Court of Appeals Justice Michol O’Connor, the two different
analyses serve two different functions, answer two separate sets of questions,
and lead to two dramatically different results:



W. Wendell Hall, Standards of
Review in Texas, 38 St. Mary’s L.J. 47,
265 (2006).  As recent as last year, the
court of criminal appeals explained:

We have
stated “that determining the legal and factual sufficiency of the evidence
requires the implementation of separate
and distinct standards.”[]  Courts
and litigants should not combine their legal and factual sufficiency
analyses.  So while we recognize that any
analyses of the facts in a given case will naturally overlap, a separate review
under the applicable standard is necessary to ensure that the law was properly
applied.

 

Laster, 275 S.W.3d at 519 (quoting Johnson v. State, 23 S.W3d 1, 7 (Tex.
Crim. App. 2000)) (emphasis added).

The legal-sufficiency standard of review as
articulated by the United States Supreme Court in Jackson v. Virginia, which provides the minimum protection against
wrongful conviction required by the Due Process Clause of the United States
Constitution, is articulated differently than the Texas legal-sufficiency
standard outlined above.  Under the Jackson standard, a court is to examine “the evidence in the light most favorable to
the prosecution” and determine whether “any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”[3]  443 U.S. at 318–19, 99 S. Ct. at
2788–99.  Nevertheless, the Jackson legal-sufficiency standard cannot be mistaken for a
factual-sufficiency standard because the scope of review under Jackson is limited to the evidence
viewed “in the light most favorable to the prosecution,” i.e., the evidence is
not weighed, and a successful challenge under Jackson results in an acquittal and not a new trial.  Tibbs
v. Florida, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2218 (1982).  Also, the Jackson
standard does not implicate a Texas court of appeals’ constitutional duty to
decide questions of fact by considering and weighing all the evidence in a
record because “it impinges upon ‘jury’ discretion only to the extent necessary
to guarantee the fundamental protection of due process of law.”  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  And
the question whether the evidence is legally sufficient under Jackson “is of course wholly unrelated to the question of how rationally the
verdict was actually reached. . . . [T]he standard announced
today . . . does not require scrutiny of the reasoning process”
used by the fact-finder.  Id. at 319 n.13, 99 S. Ct. at 2789 n.13
(emphasis added).

The consequences surrounding the prosecution of an
accused based on legally-insufficient evidence have been clearly explained by
the United States Supreme Court:

[T]he Double Jeopardy Clause precludes retrial
[of an accused] “once the reviewing court has found the evidence legally insufficient” to support
conviction. . . .  This standard, we
explained, “means that the government’s case was so lacking that it should not have even been submitted
to the jury.” . . .  A conviction will
survive review . . . whenever “the evidence and inferences therefrom most favorable to the prosecution would
warrant the jury’s finding the defendant guilty beyond a reasonable doubt.” .
. .  In sum, we noted that the rule
barring retrial would be “confined to cases where the prosecution’s failure is
clear.” . . .

 

[T]he Double Jeopardy
Clause attaches special weight to judgments of acquittal. . . .  A
verdict of not guilty, whether rendered by the jury or directed by the trial
judge, absolutely shields the defendant from retrial. . . . A reversal based on the [legal] insufficiency
of the evidence has the same effect because it means that no rational
factfinder could have voted to convict the defendant.

 

Tibbs, 457 U.S. at 40–41, 102 S. Ct. at
2217 (citations omitted) (emphasis added). 
In short, evidence is legally insufficient where the “only proper
verdict” is acquittal.  Id. at 42, 102 S. Ct. at 2218.  On the other hand,  

A reversal on [a factual-sufficiency] ground,
unlike a reversal based on [legally-] insufficient evidence, does not mean that acquittal was the only
proper verdict. Instead, the appellate court sits as a “thirteenth juror”
and disagrees with the jury’s resolution of the conflicting testimony. This
difference of opinion no more signifies acquittal than does a disagreement
among the jurors themselves. A deadlocked jury, we consistently have
recognized, does not result in an acquittal barring retrial under the Double
Jeopardy Clause. . . .  Similarly, an appellate court’s disagreement
with the jurors’ weighing of the evidence
does not require the special deference accorded verdicts of acquittal.

 

. . . .

 

A
reversal based on the weight of the
evidence, moreover, can occur only
after the State both has presented [legally-] sufficient evidence to support conviction and has persuaded the jury to
convict. The reversal simply affords the
defendant a second opportunity to seek a favorable judgment. .
. An appellate court’s decision to give the defendant this second chance does
not create “an unacceptably high risk that the Government, with its superior
resources, [will] wear down [the] defendant” and obtain conviction solely
through its persistence. . . .

 

Id. at 42–43, 102 S. Ct. at 2218–19 (emphasis
added).  Thus, the United States Supreme
Court expressly rejected the argument that a “distinction between the weight
[(factual sufficiency)] and [legal] sufficiency of the evidence is unworkable,”
noting that “trial and appellate judges commonly distinguish between the weight
[(factual sufficiency)] and [legal] sufficiency of the evidence” and the Due
Process Clause “sets a lower limit on
an appellate court’s definition of evidentiary sufficiency.”  Id.
at 44, 102 S. Ct. at 2219 (emphasis added).  The Court further stated, 

Our decisions also make
clear that disagreements among jurors or judges do not themselves create a
reasonable doubt of guilt.  As Justice
WHITE, . . . explained, “[t]hat rational men disagree is not in itself
equivalent to a failure of proof by the State, nor does it indicate infidelity
to the reasonable-doubt standard.  

 

Tibbs, 457 U.S. at 42 n.17, 102 S. Ct. at
2218 n.17 (quoting Johnson v. Louisiana, 406 U.S. 356, 362,
92 S. Ct. 1620, 1624 (1972)).

The question of law and question of fact presented in
the instant case well illustrate the Supreme Court’s point.  Here, in
his first issue, appellant, Kenneth Shaye Ervin, contends that the evidence is
legally insufficient to support his conviction, i.e., the case should not have
been submitted to the jury as the only proper verdict was acquittal.  The majority, applying the Jackson legal-sufficiency standard,
viewing the evidence in the light most favorable to the State, holds that the
evidence is sufficient to support appellant’s conviction, and I join this
holding.  However, in his second issue,
appellant, alternatively, presents a question of fact to this Court, essentially
arguing that although perhaps legally sufficient, the evidence is factually
insufficient to support his conviction because it “is so weak that the verdict
is clearly wrong and manifestly unjust,” and in support of his argument he
cites Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000).  Citing Brooks, the majority addresses
appellant’s question of fact by applying the Jackson
legal-sufficiency appellate standard of review. 
Although his factual challenge “naturally
overlaps” with his legal challenge as discussed in Laster, the majority does not distinctly answer appellant’s fact question
by neutrally considering and weighing all the evidence.

Nevertheless, a distinct and neutral
consideration and weighing of all the evidence in the record reveals that it is
not so weak that the jury’s verdict is clearly wrong
and manifestly unjust.  See Watson v. State, 204 S.W.3d 404,
414–15 (Tex. Crim. App. 2006).  Viewing
the evidence contrary to the verdict, it is true, as emphasized by appellant,
that there were no eyewitnesses to the shooting of the complainant, there is no
“direct evidence” regarding the murder, and his “connection with the murder was
based entirely on circumstantial evidence.” 
On the other hand, viewing the evidence in support of the verdict, the
State presented evidence that appellant had fired
gunshots at the complainant on two occasions during the week preceding his
murder; immediately before the murder, the complainant’s brother saw appellant
holding the same gun that appellant had used in the prior shootings; after the
complainant’s brother saw appellant with the gun, he left the complainant, ran
inside an apartment, and then heard
two gunshots; after hearing the gunshots, the complainant’s brother returned to
the complainant and found him dying of gunshot wounds.  The State also introduced evidence that a
witness at the scene saw appellant quickly walking away from the area
where the sound of a gunshot originated. 
This witness also saw appellant attempting to conceal something that the
witness believed to be a gun.  Based upon
this consideration and weighing of all the evidence, that which is contrary to
the verdict as well as that supporting the verdict, I would answer appellant’s
question of fact by distinctly holding that the jury’s verdict is not “clearly
wrong and manifestly unjust” and, therefore, the evidence is factually
sufficient to support his conviction.  See Watson, 204 S.W.3d at 414–15.  Because
the majority resolves appellant’s question of fact as a question of law, I
concur only in the judgment of this court.

As
this case illustrates, distinguishing between and implementing the separate and
distinct appellate standards of review for legal- and factual-sufficiency
challenges is relatively simple.  There
is no need to substitute a legal-sufficiency appellate standard of review for
the factual-sufficiency standard.

Moreover, the substitution of a legal-sufficiency
appellate standard of review, which can be reviewed and applied, respectively,
by either the Texas Supreme Court or Texas Court of Criminal Appeals, for a
factual-sufficiency appellate standard of review, which constitutionally may
not be reviewed and applied by the higher courts, would render the
factual-conclusivity clause of the Texas Constitution a dead letter.  See Ex
parte Schuessler, 846 S.W.2d at 852. 
As explained by the Texas Supreme Court:

[The factual-conclusivity
clause] requires the [c]ourt of . . . [a]ppeals, upon proper assignment, to
consider the fact question of weight and preponderance of all the evidence and
to order or deny a new trial accordingly as to the verdict may thus appear to
it clearly unjust or otherwise.  This is the meaning given the
constitutional phrase ‘all questions of fact brought before them on appeal or
error’ . . . .  But for that interpretation there would be no ‘questions of fact’ for
the [c]ourt of  . . . [a]ppeals to
determine . . . . 

 

In re King’s Estate, 244 S.W.2d at 662 (emphasis
added).  Thus, in the words of the Texas Court of Criminal Appeals:

It [is] not appropriate for this Court to create a standard of
review which is in conflict with the language of our State Constitution.  

 

Meraz, 785 S.W.2d at 152. 

Respectfully,
this is precisely what a majority of the Texas Court of Criminal Appeals
purports to do in its plurality and concurring opinions in Brooks.  As noted by the
dissenting judges, the majority, without at all considering and addressing the
express language of the factual-conclusivity clause and article 44.25,
“purports” to overrule Clewis,
deciding that the authority to reverse criminal judgments and remand the cases
on the basis of factual insufficiency, which “has been recognized from the
beginning to be inherent in the appellate jurisdiction of first-tier appellate
courts in Texas,” “need not be ‘retained.’” 
Brooks, 2010 WL 3894613, at *22 (Price, J.,
dissenting). 
Significantly, only four of the five justices who would substitute the Jackson legal-sufficiency standard for a
factual-sufficiency appellate standard of review would do so under Article V,
section 5 of the Texas Constitution, which provides that the court of criminal
appeals has “final appellate jurisdiction” on questions of law in criminal
cases.  Brooks,
2010 WL 3894613, at *14 (Hervey, J.).  Regardless, such a dramatic change of the
constitutionally-delineated conclusive fact jurisdiction of Texas’s courts of
appeals cannot be made “absent a change in the constitutional and statutory
provisions that confer that jurisdiction” on the courts of appeal.  Id.
 As previously noted by the court itself,
if it is “improper” for
the courts of appeals to decide questions of fact and remand cases for a new
trial, “it is up to the people of the State of Texas to amend the
Constitution.”[4]  Meraz, 785 S.W.2d at 154.  It would also be up to the Texas Legislature
to amend article 44.25.

In
fact, the Texas Supreme Court has previously rejected a challenge to the courts
of appeals’ constitutional prerogative to review and decide the questions of
fact brought before them on appeal.  See Cropper v. Caterpillar Tractor Co.,
754 S.W.2d 646, 648 (Tex. 1988).  In
doing so, it explained that “[t]he right of trial by jury and appellate court
review of fact questions have peacefully co-existed for almost one hundred and
fifty years, and are thoroughly rooted in our constitution and judicial
system.”  Id. at 652.  

The
supreme court emphasized that in regard to appellate review of fact questions,
the right to trial by jury is protected by Texas’s “deferential [appellate]
standards of review.”  Id. at 651.  That a court of appeals is to defer to a
jury’s determination of credibility and not merely substitute its judgment for
that of a jury, i.e., by stating ‘“[t]he jury evidently believed Appellee’s
argument, we do not,”’ is not inconsistent with a court of appeals’ duty to
actually weigh evidence in deciding the questions of fact presented to it.  Pool,
715 S.W.2d at 635.  Thus, there is no
conflict in a court of appeals being “deferential” to a jury while at the same
time neutrally considering and weighing all of the evidence in the record on a
question of fact presented to it; such a standard actually serves to
“harmonize” the right to trial by jury with the courts of appeals’
constitutional duty to conclusively resolve the questions of fact presented to
it on appeal.  Id. at 634–35.  And “[t]he
fact that the court of appeals might engage in ‘thought processes’ akin to the
jury’s . . . does not establish a violation of the right of trial by
jury.”  Cropper, 754 S.W.2d at 651. 
Of course, ultimately, when a court of appeals actually sustains a
challenge on a question of fact presented to it, the court does not substitute
its judgment for that of the jury because it does not render judgment in favor
of the challenger; rather, the court remands the case for a new trial for
another jury to consider the case.  Id. 


Thus,
the Texas Supreme Court concluded that the factual-conclusivity clause does not
“violate the right of trial by jury.”  Id. at 647.  And it recognized the “inescapable fact” that
it could not amend the Texas Constitution to eliminate the courts of appeals’
prerogative to decide fact questions and, if appropriate,  remand cases for new trials.  The court emphasized that even if it could,
it was “not prepared to sacrifice either” the constitutional right to trial by
jury or the constitutional prerogative of the courts of appeals to decide the
questions of fact presented to them “for the benefit of the other.”  Id.   

But
it is not enough that the Texas Supreme Court and the Texas Court of Criminal
Appeals merely recognize the prerogative of Texas courts of appeals to
conclusively decide all questions of fact brought before them on appeal.  In the words of Texas Supreme Court Justice
Nathan Hecht, the high courts should not use their very limited jurisdiction to ascertain whether a court of appeals has
lawfully decided a question of fact by “consider[ing] all the evidence and
stat[ing] its reasons for judging the evidence insufficient to support a
finding of fact” to “keep reversing the judgment of the court of appeals until
it reaches a result that [the higher court] approves.”  Lofton
v. Tex. Brine Corp., 777 S.W.2d 384, 388 (Tex. 1989) (Hecht, J.,
dissenting).  In other words, they should
not try to “fashion some justification for second-guessing
the courts of appeals in the exercise of their constitutional prerogative to
judge the factual sufficiency of the evidence in a case.”  Id. at 389.  As Justice Raul
Gonzalez bluntly stated, our higher courts should not play “ping pong” with a
court of appeals to prevent a case from being retried after the court has held
the evidence factually insufficient to support a jury’s verdict.  Id.
at 387 (Gonzalez, J., dissenting).  For
one of our higher courts “to hold that an appeals court has not conducted its
factual insufficiency analysis in a lawful manner, simply to coerce that court
into changing its conclusion, is to usurp the constitutional prerogative of the
court of appeals.”  Id. at 388 (Hecht, J., dissenting). 
Nor should our higher courts, when they are dissatisfied with a court of
appeals’ decision on a question of fact, substitute their judgment for that of
the court of appeals by themselves weighing the evidence, crediting some
evidence and discrediting other evidence, and then labeling their analysis as
one reached on legal-sufficiency grounds. 
See City of Keller v. Wilson,
168 S.W.3d 802, 830–33 (Tex. 2005) (O’Neill, J., concurring); Aluminum Co. of Am. v. Alm, 785 S.W.2d
137, 140–41 (Tex. 1990) (Gonzalez, J., dissenting).  As revealed in Ex parte Schuessler, the finality of any judgment of our higher
courts based on an analysis later deemed inconsistent with the
factual-conclusivity clause may be called into question as void ab initio.  846 S.W.2d at 853.  

In
regard to the plurality and concurring opinions in Brooks, it is true that under the doctrine of stare decisis that
once “the highest court of the State having
jurisdiction” of a matter decides a “principle, rule or proposition of
law,” that court and all “other courts of lower
rank” must accept the decision as “binding precedent.”  Swilley
v. McCain, 374 S.W.2d 871, 875 (Tex. 1964) (emphasis added).  It is also true, as noted by the majority,
that the court of criminal appeals has final appellate jurisdiction on all
questions of law in criminal cases.  Tex. Const. art. V, § 5.  Here, however, only four of the five court of
criminal appeals judges who would substitute the Jackson legal-sufficiency standard for a factual-sufficiency
standard purport to do so under Article V, section 5 of the Texas
Constitution.  Brooks, 2010 WL 3894613, at *14 (Hervey,
J.).  More importantly, under the factual-conclusivity clause, a Texas court of appeals,
in regard to its decisions on the questions of fact presented to it, is not a
court of rank “lower” than either the supreme court or the court of criminal
appeals because the courts of appeals have conclusive, exclusive, and final
authority over such questions of fact. 
As recognized by the court of criminal appeals, the factual-conclusivity
clause gives “final appellate jurisdiction to the courts of appeals on
questions of fact brought before” them.  Laster, 275 S.W.3d at 518–19.  And neither the supreme court nor the court
of criminal appeals has any jurisdiction to create a factual-sufficiency
appellate standard of review “in conflict” with the Texas constitution, i.e.,
any standard that would eliminate or in any way interfere with the exclusive
authority of the courts of appeals to actually decide the questions of fact
presented to them by considering and weighing all the evidence in a trial
record.  Ex parte Schuessler, 846 S.W.2d at 852; Meraz, 785 S.W.2d at 152; see
also Pool, 715 S.W.2d at 633–35; In
re King’s Estate, 244 S.W.2d at 661–62. 
Thus, the doctrine of stare decisis does not bind a Texas court of
appeals to apply such an invalid, unconstitutional, appellate standard of
review.  

In
sum, the Texas Constitution expressly recognizes that Texas courts of appeal
have “conclusive” jurisdiction to decide the questions of fact presented to
them on appeal; this “conclusive fact jurisdiction,” this constitutional
“prerogative,” by its very nature requires that a court of appeals consider and
weigh all the evidence in a case when a question of fact is presented to it on
appeal and, if appropriate, to remand the case for a new trial; and neither the
Texas Supreme Court nor the Texas Court of Criminal Appeals may lawfully amend
the Texas Constitution to usurp the constitutional prerogative of the Texas
courts of appeals to properly review and decide the questions of fact presented
to them on appeal.  Accordingly, a Texas
court of appeals is duty bound under the Texas Constitution to exercise the
full extent of its appellate powers on the questions of fact brought before it
on appeal, and neither the Texas Supreme Court nor the Texas Court of Criminal
Appeals has the lawful authority to interfere with or relieve the courts of
appeals of this constitutional duty.  Any
attempt by either court to do so is void ab initio.  Ex
parte Schuessler, 846 S.W.2d at 852. 


Here,
appellant has squarely presented a question of fact to this Court, contending
that the evidence in support of his conviction is so weak that the jury’s
verdict is clearly wrong and manifestly unjust. 
Although awkward under the circumstances, this Court still has a
constitutionally-delineated right and duty, with which no other court may
lawfully interfere, to properly address appellant’s question of fact by
considering and weighing all the evidence in record.  A proper consideration and weighing of all
the evidence, as discussed above, reveals that appellant’s second issue should
be overruled.  However, because the
majority resolves appellant’s question of fact as a question of law, I concur
only in the judgment of this Court.

Furthermore,
I respectfully request that the Texas Court of Criminal Appeals reconsider its
opinions in Brooks in light of the
factual-conclusivity clause of the Texas Constitution, Code of Criminal
Procedure article 44.25, the court’s own well-established prior precedent
concerning the serious constitutional conflict that is now presented by its
holding in Brooks, and the
well-established precedent of the Texas Supreme Court with which Brooks collides. 

Absent reconsideration by the court of criminal
appeals, I respectfully request that the Texas Legislature review the issue
surrounding the conclusive jurisdiction of Texas courts of appeals to decide
the questions of fact presented to them and the problem of interference with
that conclusive jurisdiction.  I further
request that the Texas Legislature take whatever action that it deems
appropriate under the circumstances, including, but not limited to, the
resolution of any conflict between the court of criminal appeals’ holding in Brooks and both the factual-conclusivity
clause of the Texas Constitution and Code of Criminal Procedure article 44.25,
with any legislation that it deems necessary and appropriate to protect the
conclusive fact jurisdiction of the Texas courts of appeals so that they may
meaningfully perform their constitutional right and duty to decide questions of
fact.

The
People of the State of Texas have the exclusive authority to amend the Texas
Constitution.  Until they do so, “The
right of [Texas] courts of appeals to review for factual insufficiency must continue undisturbed.”  Pool,
715 S.W.2d at 634 (emphasis added).  

 

 

 

                                                                      Terry
Jennings

                                                                      Justice


 

Panel consists
of Justices Jennings, Alcala, and Higley.

 

Justice
Jennings, concurring.

 

Publish.  Tex. R.
App. P. 47.2(b).

 

 











[1]
             An
appellate standard of review is the gauge by which an appellate court
determines whether a trial court has erred in making a legal ruling or a fact
finder has made an erroneous finding. 
Our appellate standards of review “frame the issues, define the depth of
review, assign power among judicial actors, and declare the proper materials to
review.”  Steven A. Childress, A 1995 Primer on Standards of Review in
Federal Civil Appeals, 161 F.R.D. 123, 126 (1995).

 

Standards of review are, in effect, checks on an
appellate court’s power because an intellectually honest adherence to them
restrains, in a very real way, the actions of the appellate court.  They “distribute power within the judicial
branch by defining the relationship between trial and appellate courts.”  W. Wendall Hall, Standards of Review in Texas, 34 St.
Mary’s L.J. 1 (2002).  Given the
fact that Texas judges are politically selected, either by election or
appointment, our standards of review serve to uphold the doctrine of stare
decisis, help keep our laws predictable, and protect litigants against
arbitrary appellate rulings and their consequences.  A proper respect for and adherence to the
appropriate standard of review will keep appellate judges intellectually honest
and true to their oath to “preserve, protect, and defend the Constitution and
laws of the United States and of this State.” 


 

It must be stressed, however, that the use of a
standard of review does not reduce the art and craft of judging into a
mathematical-type formula.  In discussing
a “formula” for judicial review of administrative actions, Justice Felix
Frankfurter wrote:

 

Some scope for judicial discretion in applying the
formula can be avoided only by falsifying the actual process of judging or by
using the formula as an instrument of futile casuistry.  It cannot be too often repeated that judges
are not automata.  The ultimate reliance for the fair operation of any standard is a
judiciary of high competence and character and the constant play of an informed
professional critique upon its work. . . . 
There are no talismanic words that can avoid the process of
judgment.  The difficulty is that we
cannot escape, in relation to this problem, the use of undefined defining
terms.

          

Universal
Camera Corp. v. Nat’l Lab. Relations Bd.,
340 U.S. 474, 489, 71 S. Ct. 456, 465 (1951) (emphasis added).  This admonition applies to the use of  appellate standards of review.  As courts work to discern the meaning of
certain “undefined defining terms,” they must exercise sound judgment in the
application of these terms.  The
appropriate standard of review, therefore, is not “the end of the inquiry but
rather a frame and limit on the substantive law.” 1 Steven Alan Childress &
Martha S. Davis, Standards of Review:
Federal Civil Cases and Review Process § 1.3, at 21 (1986).   

 

Even though a standard of review is not an outcome-determinative
formula, the bottom line is that the appropriate standard of review, and an
appellate court’s intellectually honest adherence to it, can generally
determine the outcome of an appeal.





[2]
             To
the extent that White was based on
the presumption that the factual-conclusivity clause was an affirmative grant
of power to the courts of civil appeals, rather than a restriction on the power
of the higher court, that view was expressly rejected in Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990).





[3]
             As
noted in the chart above, the pertinent appellate standard of review in a case
necessarily depends upon which party had the “burden of proof” at trial, for
example, the State’s burden to prove its allegations “beyond a reasonable
doubt.”  However, a party’s “burden of
proof” at trial need not and should not be confused or conflated with the
pertinent factual-sufficiency
appellate standard of review.  The
“burden of proof,” the duty “to prove a disputed assertion or charge” at trial,
includes both (1) a “burden of production” and (2) a “burden of
persuasion.”  Black’s Law Dictionary 191 (7th ed. 1999).  The “burden of persuasion” is the duty of a
party “to convince the fact finder to view the facts in a way that favors that
party.”  Id.  The “burden of
production” is the duty of a party to “introduce enough evidence on an issue to
have the issue decided by the fact-finder” so as to survive against “a summary
judgment or a directed verdict,” i.e., the duty to present legally-sufficient
evidence.  Id.  It may not be
inappropriate to incorporate the pertinent burden of proof, which includes the legal question of whether a party has
met its burden of production, into a legal-sufficiency
appellate standard of review as did the United States Supreme Court in Jackson. 
However, the question on appeal of whether evidence is factually sufficient to support a
finding necessarily presumes that the pertinent burden of proof was met at
trial, i.e., the evidence is legally sufficient to support the finding.  Accordingly, regardless of the actual burden
of proof at trial, the pertinent question in a factual-sufficiency review,
depending on who had that burden, is either (1) whether the evidence in support
of the challenged finding is so weak that the finding is clearly wrong and
manifestly unjust or (2) whether the great weight of the evidence is so
contrary to challenged finding that the fact finder’s failure to find in favor
of the challenging party is manifestly unjust. 
W. Wendell Hall, Standards of
Review in Texas, 38 St. Mary’S L.J.
at 265.                  





[4]
             Prior
to its opinion in Ex parte Schuessler, the court of criminal
appeals had been criticized because, “in spite of a constitutional mandate to
the contrary,” it had, unlike the supreme court, “continue[d] to refuse to
recognize the authority of the courts of appeals to determine questions of
factual sufficiency of the evidence.  There
is no sound basis for the disparate interpretations of a single constitutional
provision based on whether the matter on appeal is civil or criminal in nature.”  Susan Bleil & Charles Bleil, The Court of Criminal Appeals Versus the
Constitution: The Conclusivity Question, 23 St. Mary’s L.J. 423, 424 (1991).