**Ex parte David Leon SCHUESSLER.**

**No. 71185.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 10, 1993.

Elizabeth L. DeRieux, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

MALONEY, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to article 11.07, V.A.C.C.P.

A jury convicted applicant of murder and assessed punishment at thirty (30) years imprisonment. V.T.C.A. Penal Code, § 19.-02. On appeal to the Eighth Court of Appeals, applicant contended that the jury's verdict of guilt was against the great weight and preponderance of the evidence establishing insanity. The Court of Appeals agreed and held that applicant met his burden of proving the affirmative defense of insanity by a preponderance of the evidence.[1]  *Schuessler v. State,* 647 S.W.2d 742 (Tex.App.—El Paso 1983).

In reversing applicant's conviction and remanding this case for a new trial, the Court of Appeals engaged in a factual sufficiency review of the evidence regarding applicant's affirmative defense of insanity, and determined that due to the overwhelming evidence of insanity, "the jury's verdict [of guilt] was contrary to the great weight and preponderance of the evidence." *Id.* at 749. The Court of Appeals noted that "[u]nder the provision of the 1980 amendment to Article V, Section 6, of the Texas Constitution,[2] [the courts of appeals are] vested with conclusive authority over all questions of fact presented on appeal." *Id.* at 748.

This Court then "granted the State's petition for discretionary review to determine the correctness of that holding." *Schuessler v. State,* 719 S.W.2d 320, 321 (Tex.Cr. App.1986) (op. on reh'g). After initially affirming the judgment of the Court of Appeals, we granted the State's motion for rehearing, withdrew our prior opinion, and reversed the judgment of the Court of Appeals, holding that that court should have engaged in a legal sufficiency review rather than a factual sufficiency review. *Id.* Upon review of the evidence, we concluded that it was legally sufficient to support the jury's verdict of guilt.[3] *Id.* at 328–30.

As Judge Clinton noted in a dissent joined by Presiding Judge Onion and by Judge McCormick, the legal sufficiency standard of review is derived from *Jackson, In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and the Due Process Clause of the United States Constitution. *See Schuessler,* 719 S.W.2d at 330–32 (Clinton, J., dissenting). Judge Clinton further pointed out that, unlike the sufficiency to support a conviction, the question of sufficiency to support a finding or rejection of an affirmative defense does not invoke a constitutional standard:

> The trier of fact was not called on to view the evidence in the light most favorable to the prosecution in order to find "the essential elements of the crime beyond a reasonable doubt." Rather, its function was to determine whether an accused has proved an affirmative defense "by a preponderance of the evidence." Whatever standard governs appellate review of that determination is not controlled by the Due Process Clause nor required by *Jackson.*

*Id.* at 332. Judge Clinton's dissent foreshadowed the rejection of the *Schuessler* reasoning

---

1. V.T.C.A. Penal Code, §§ 2.04, 8.01. The Court of Appeals' opinion contains a detailed recitation of the facts and testimony relating to applicant's affirmative defense of insanity. *See Schuessler v. State,* 647 S.W.2d 742, 744–46 (Tex. App.—El Paso 1983).

2. In pertinent part, article V, section 6 reads "the decision of said courts [courts of appeals] shall be conclusive on all questions of fact brought before them on appeal or error." TEX. CONST. art. V, § 6.

3. We erroneously applied a modified *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard of review, i.e., the appellate court determines whether, viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence the affirmative defense of insanity. *Schuessler v. State,* 719 S.W.2d 320, 328 (Tex.Cr.App.1986) (op. on reh'g) (following *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Cr. App.1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986)).

Four years later, in *Meraz v. State*, 785 S.W.2d 146, 155 (Tex.Cr.App.1990), we expressly overruled our holding in *Schuessler* as being contrary to the state constitution.[4] In recognizing that the Texas Constitution gives the courts of appeals conclusive authority to determine the factual sufficiency of an affirmative defense, we stated:

> [T]he "factual conclusivity clause," within Art. V, § 6, operates to limit our jurisdiction and confers conclusive jurisdiction on the courts of appeals to resolve questions of weight and preponderance of the evidence adequate to prove a matter that the defendant must prove. Moreover, when the courts of appeals are called upon to exercise their fact jurisdiction, that is examine whether [the defendant] proved his affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of the evidence, *the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust.*

*Id.* at 154–55 (emphasis added).[5]

In this habeas application, applicant contends that he is "entitled to a reinstatement of the [Court of Appeals' judgment], reversal of his conviction and a new trial" because our holding in this case has since been expressly overruled by *Meraz*. We will grant relief.[6]

■ In the instant case, this Court erroneously held that a legal sufficiency standard of review, rather than a factual sufficiency review, was the proper appellate standard for determining the sufficiency of the evidence to support the jury's rejection of applicant's affirmative defense of insanity. Ordinarily, such a holding, even though subsequently held to be erroneous, would not be subject to review.[7] However, our holding was not just erroneous; it was made without jurisdiction. As we recognized in *Meraz*, this Court had created a standard of review for the courts of appeals that contravened the Texas Constitution:

W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. *361 (1960)*.

---

**4.** *Meraz* also expressly overruled *Arnold v. State*, 719 S.W.2d 590 (Tex.Cr.App.1986) and *Van Guilder*.

**5.** *Meraz* was specifically directed to a factual sufficiency review involving matters in which the defendant has the burden of proof. A situation that is also present here. We emphasize that we do not express any view here as to whether our holding in *Meraz* is limited to those cases where the defendant has the burden of proof, *see Jones v. State*, 817 S.W.2d 854, 855 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Brown v. State*, 804 S.W.2d 566, 571 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd), or whether *Meraz* permits the courts of appeals to engage in a factual sufficiency review of the elements of an offense. *See Stone v. State*, 823 S.W.2d 375, 377 (Tex.App.—Austin 1992, pet. ref'd, untimely filed).

To say that the evidence is legally insufficient means that the case should never have been submitted to the jury. This is a question of law. In a criminal case, legal sufficiency is determined by whether the State has met the requirements of *In re Winship* as to the elements of the offense charged in light of the *Jackson* standard. A factual sufficiency claim, on the other hand, is a fact question. *See generally* Justice Robert

**6.** Although habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal, claims involving jurisdictional defects or invoking fundamental constitutional rights may be raised collaterally. *Ex Parte Goodman*, 816 S.W.2d 383, 385 (Tex.Cr.App.1991); *Ex Parte Banks*, 769 S.W.2d 539, 540 (Tex.Cr.App.1989) (op. on reh'g). If our decision in this case was merely wrongly decided, applicant would not be entitled to post-conviction habeas relief. However, as we will further explain in this opinion, because this Court lacked jurisdiction to reverse the judgment of the Court of Appeals, our judgment in this case is void *ab initio* and properly challenged in this post-conviction habeas application. *See Ex Parte Kirby*, 626 S.W.2d 533, 534 (Tex.Cr.App.1981).

**7.** The "law of the case" doctrine provides that once a question of law in a particular case has been finally resolved, that question will not be reconsidered in subsequent proceedings of the same case. *Ware v. State*, 736 S.W.2d 700, 701 (Tex.Cr.App.1987); *Ex Parte Calvin*, 689 S.W.2d 460, 462 (Tex.Cr.App.1985). However, because we lacked jurisdiction when we originally decided this case, our judgment is void and does not govern here. *See supra* note 6.

[T]his Court was not constitutionally authorized to adopt a standard of review for the court of appeals concerning an evidentiary review of the insanity defense which was inconsistent with Art. V, § 6, of our Constitution. In doing so we interfered with the fact jurisdiction of the intermediate appellate courts.

*Meraz,* 785 S.W.2d at 153.

 The Court of Appeals applied the appropriate standard and reversed applicant's conviction. This Court lacked jurisdiction to hold otherwise. *Meraz.* Because this Court was without jurisdiction to reverse the judgment of the Court of Appeals, our judgment in this case is void *ab initio,* and therefore properly challenged in this collateral attack. *See Ex Parte Kirby,* 626 S.W.2d 533, 534 (Tex.Cr.App.1981) ("judicial action without jurisdiction is void and challengable [sic] by way of a post-conviction application for writ of habeas corpus").

Accordingly, the relief sought is granted; the judgment of the trial court is vacated and applicant is remanded to the custody of the Sheriff of Hudspeth County to answer the indictment.[8]

McCORMICK, P.J., and WHITE, J., concur in the judgment of the court.

---

**8.** Effectively, this relief "reinstates" the judgment of the Court of Appeals which reversed applicant's conviction and remanded this case for a new trial.