Opinion issued December 2, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00480-CR

———————————

Marara Jean Kibble, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 176th District Court 

Harris County, Texas



Trial Court Case No. 1104686

 



 

CONCURRING OPINION

I join the majority opinion, but write separately to
specifically explain why I join it in regard to the question of fact presented
to this Court by appellant, Marara Jean Kibble, in light of my recent concurring
opinion in Ervin v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *5–17
(Tex. App.—Houston [1st Dist.] November 10, 2010, no pet. h.) (Jennings, J.,
concurring).  

In her second issue, appellant argues that the evidence is
factually insufficient to support her conviction for possession with intent to
deliver cocaine weighing between four and two hundred grams[1]
because that evidence is so weak that the jury’s verdict is clearly wrong and
manifestly unjust.  

In regard to appellate challenges
based on the factual insufficiency of the evidence, the factual-conclusivity
clause of the Texas Constitution provides in no uncertain terms that: 

[T]he
decision of [Texas Courts of Appeals] shall be conclusive on all questions
of fact brought before them on appeal or error. 

Tex. Const. art. V, § 6(a) (emphasis added).  The original intent of the drafters of the
clause is clear.  The clause “requires”
that Texas courts make a “distinction” between questions of law and questions
of fact.  Sw. Bell Tel. Co. v. Garza,
164 S.W.3d 607, 621 (Tex. 2004).  As
recently recognized by the Texas Court of Criminal Appeals, “The Factual
Conclusivity Clause gives final appellate jurisdiction to the court of
appeals on questions of fact brought before the court.”  Laster v. State, 275 S.W.3d 512, 518
(Tex. Crim. App. 2009) (emphasis added).

Under the factual-conclusivity clause, this Court has a duty
to address appellant’s question of fact as a question of fact, i.e., by
neutrally considering and weighing all the evidence in the record, including
that which is contrary to the jury’s verdict. 
Laster, 275 S.W.3d at 518–19; Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997); Ex parte Schuessler, 846 S.W.2d 850,
852 (Tex. Crim. App. 1993); Meraz v. State, 785 S.W.2d 146, 153 (Tex.
Crim. App. 1990); see also Pool v.
Ford Motor Co., 715 S.W.2d 629, 633–35 (Tex. 1986); In re King’s Estate,
244 S.W.2d 660, 661–62 (Tex. 1951). 
Moreover, the Texas Legislature has expressly directed, consistent with
the factual-conclusivity clause, that Texas courts of appeals “may reverse the
judgment in a criminal action . . . upon the facts.”  Tex.
Code. Crim. Proc. Ann. art. 44.25 (Vernon 2006) (entitled, “Cases
Remanded”).  Indeed, it is reversible
error for a court of appeals to address a question of fact as a question of
law.  In re King’s Estate, 244
S.W.2d at 661–62; Ex parte Schuessler, 846 S.W.2d at 852; Meraz,
785 S.W.2d at 153.

Regardless, five judges on the court of criminal appeals, in
two separate opinions, have recently concluded that in criminal cases “a
legal-sufficiency [appellate] standard [of review] is ‘indistinguishable’ from
a factual-sufficiency [appellate] standard” of review.  Brooks v. State, PD-0210-09, 2010 WL
3894613, at *7 (Tex. Crim. App. Oct. 6, 2010) (Hervey, J., joined by Keller,
J., Keasler, J., and Cochran, J.); see id. at 14–22 (Cochran, J., joined
by Womack, J., concurring) (overruling use in criminal cases of
factual-sufficiency appellate standard of review, which was consistent with
Texas Supreme Court precedent and articulated in Clewis v. State, 922
S.W.2d 126, 134–36 (Tex. Crim. App. 1996)). 
The five judges purport to substitute a legal-sufficiency appellate
standard of review in place of a factual-sufficiency appellate standard of
review.  Brooks, 2010 WL 3894613, at *1 (holding that legal-sufficiency
standard articulated in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct.
2781 (1979) is “only standard” reviewing court should apply in determining
whether evidence is sufficient to support each element of criminal
offense).  Asserting that the “two
standards have become essentially the same standard and that there is no
meaningful distinction between them that would justify retaining them both,”
the five judges purport to eliminate from Texas’s criminal jurisprudence the
factual-sufficiency appellate standard of review.  Id. (emphasis added). 

The effect of this, which was not addressed by the five-judge
majority in either of their opinions, would be to prohibit Texas courts of appeals
in criminal cases from actually deciding questions of fact, which by their very
nature require a Texas court of appeals to consider and weigh all the evidence
in a trial record and, if appropriate, reverse the judgment of a trial court
and remand for a new trial.  It would
confine the courts of appeals to addressing the purely legal question of
whether the evidence, when not weighed, but rather when viewed in the light
most favorable to the prosecution, is legally sufficient to support a criminal
conviction. Thus, it would render the factual-conclusivity clause of the Texas
Constitution and article 44.25 of the Texas Code of Criminal Procedure dead
letters in criminal appeals.  

Simply put, the court of criminal appeals has neither the
jurisdiction nor any lawful authority to do this.  In fact, three years prior to issuing its
opinion in Clewis, the court itself acknowledged that it simply may not
order Texas courts of appeals to use a legal-sufficiency appellate standard of
review to decide the questions of fact brought before them on appeal.  Ex parte Schuessler, 846 S.W.2d at
852.  Recognizing that it may not
“interfere[] with the fact jurisdiction of the intermediate appellate courts,”
the court emphasized that it is “not constitutionally authorized to adopt a
standard of review for the court[s] of appeals . . . inconsistent with
Art. V, § 6 of [the Texas] Constitution.”  Id. at 853 (emphasis added) (quoting Meraz,
785 S.W.2d at 153).  Any such action
taken by the court of criminal appeals is, in its own words, “void ab initio.”  Ex parte
Schuessler, 846 S.W.2d at 853. 

In regard to the plurality and concurring opinions in Brooks,
it is true that under the doctrine of stare decisis that once “the highest
court of the State having jurisdiction” of a matter decides a
“principle, rule or proposition of law,” that court and all “other courts of lower
rank” must accept the decision as “binding precedent.”  Swilley v. McCain, 374 S.W.2d 871, 875
(Tex. 1964) (emphasis added).  It is also
true that the court of criminal appeals has final appellate jurisdiction on all
questions of law in criminal cases.  Tex. Const. art. V, § 5.  However, only four of the five court of
criminal appeals judges who would substitute the Jackson legal-sufficiency
standard for a factual-sufficiency standard purport to do so under Article V,
section 5 of the Texas Constitution.  Brooks,
2010 WL 3894613, at *14 (Hervey, J.).  

More importantly, under the factual-conclusivity clause, a
Texas court of appeals, in regard to its decisions on the questions of fact
presented to it, is not a court of rank “lower” than either the supreme court
or the court of criminal appeals because the courts of appeals have conclusive,
exclusive, and final authority over such questions of fact.  As recognized by the court of criminal
appeals, the factual-conclusivity clause gives “final appellate jurisdiction to
the courts of appeals on questions of fact brought before” them.  Laster, 275 S.W.3d at 518.  And neither the supreme court nor the court
of criminal appeals has any jurisdiction to create a factual-sufficiency
appellate standard of review “in conflict” with the Texas Constitution, i.e.,
any standard that would eliminate or in any way interfere with the exclusive
authority of the courts of appeals to actually decide the questions of fact
presented to them by considering and weighing all the evidence in a trial
record.  Ex parte Schuessler, 846
S.W.2d at 852; Meraz, 785 S.W.2d at 152; see also Pool, 715
S.W.2d at 633–35; In re King’s Estate, 244 S.W.2d at 661–62.  Thus, the doctrine of stare decisis does not
bind a Texas court of appeals to apply such an invalid, unconstitutional
appellate standard of review. 

Nevertheless, the majority of this Court in Ervin decided to answer Ervin’s question
of fact as a question of law by applying the Jackson legal-sufficiency appellate standard of review.  Ervin, 2010 WL 4619329, at *2–5.  Although the majority erred in doing
so, this Court did have jurisdiction to so err, and, unless this Court
subsequently overrules Ervin, we must
accept Ervin as binding precedent.  Swilley, 374 S.W.2d at 875.

Accordingly, I join the majority opinion.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Alcala, and Higley.

Justice
Jennings, concurring.

Publish.  Tex.
R. App. P. 47.2(b).











[1]           See Tex. Health & Safety Code
Ann. § 481.112 (Vernon 2010).