Affirmed and Majority and Concurring Opinions filed December
2, 2010.

In The

Fourteenth
Court of Appeals



NO. 14-09-01035-CR



Nelson Romero, Appellant

V.

The State of Texas, Appellee



On Appeal from
the 23rd District Court

Brazoria
County, Texas

Trial Court
Cause No. 58,710



  CONCURRING OPINION

The
majority has concluded that appellant’s questions of fact must be determined under
a “single standard for evaluating legal sufficiency of the evidence.”  For
reasons outlined below, this court should address appellant’s questions of fact
as questions of fact and employ a factual-sufficiency standard of review.  

I
write separately because this Court has a duty to address appellant’s factual-sufficiency
challenge by neutrally considering and weighing all the evidence in the record,
including evidence contrary to the jury’s verdict.  Laster v. State, 275
S.W.3d 512, 518–19 (Tex. Crim. App. 2009); Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997); Ex parte Schuessler, 846 S.W.2d 850,
852 (Tex. Crim. App. 1993); Meraz v. State, 785 S.W.2d 146, 153 (Tex.
Crim. App. 1990); see also Pool v. Ford Motor Co., 715 S.W.2d
629, 633–35 (Tex. 1986); In re King’s Estate, 244 S.W.2d 660, 661–62
(Tex. 1951).[1] 
Moreover, the Texas Legislature has expressly provided that Texas courts of
appeals may reverse and remand a criminal case for a new trial “as well upon
the law as upon the facts.”  Tex. Code Crim. Proc. Ann. art. 44.25 (West 2006)
(entitled, “Cases remanded”).  Indeed, it is well settled that reversible error
occurs when a court of appeals addresses a question of fact as a question of
law.  See Ex parte Schuessler, 846 S.W.2d at 852; Meraz, 785
S.W.2d at 154–55; In re King’s Estate, 244 S.W.2d at 661–62.

Every Texan is entitled to due
process of law and all protections afforded under the Texas Constitution.  Each
judge who takes our oath of office swears to preserve, protect, and defend the
Texas constitution, and the language in the factual-conclusivity clause of the
Texas Constitution is clear and unambiguous:

[T]he decision of [Texas courts of appeals] shall be conclusive
on all questions of fact brought before them on appeal or error. 

Tex. Const. art. V, §
6(a) (emphasis added).  Pursuant to this provision, Texas courts must
distinguish between questions of law and questions of fact.  Sw. Bell Tel.
Co. v. Garza, 164 S.W.3d 607, 621 (Tex. 2004).  The Texas Court of Criminal
Appeals recently recognized this obligation: “The Factual Conclusivity Clause
gives final appellate jurisdiction to the court of appeals on questions
of fact brought before the court.”  Laster, 275 S.W.3d at 518–19
(emphasis added).

The
majority accepts without question the decision of five judges on the Court of
Criminal Appeals to disgorge this court of its constitutional mandate to determine
factual sufficiency of the evidence in a criminal case.[2]   See
Brooks v. State, PD-0210-09, ---S.W.3d---, 2010 WL 3894613, at *7 (Tex.
Crim. App. Oct. 6, 2010) (Hervey, J., joined by Keller, J., Keasler, J., and
Cochran, J., plurality op.) & id. at *14–22 (Cochran, J., joined by
Womack, J., concurring) (overruling use in criminal cases of
factual-sufficiency appellate standard of review, which was consistent with
Texas Supreme Court precedent and articulated in Clewis v. State, 922
S.W.2d 126, 134–36 (Tex. Crim. App. 1996)).  In the Brooks plurality and
concurring opinions, five judges recently concluded that in criminal cases a “factual-sufficiency
[appellate] standard [of review] is indistinguishable from a . . . legal-sufficiency
[appellate] standard” of review.  See Brooks, 2010 WL 3894613, at *10. 
The five judges substituted a legal-sufficiency standard of review for a
factual-sufficiency standard of review when “determining whether the evidence
is sufficient to support each element of a criminal offense . . . beyond a
reasonable doubt.”  Id. at *1 (holding that legal-sufficiency standard
articulated in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979)
is “only standard” reviewing court should apply in determining whether evidence
is sufficient to support each element of criminal offense); id. at *22 (Cochran,
J., concurring).  Asserting that the “two standards have become essentially
the same standard and that there is no meaningful distinction between them that
would justify retaining them both,” the five judges purport to eliminate
the factual-sufficiency standard of review in criminal cases.  Brooks,
2010 WL 3894613, at *1 (emphasis added).

Regretfully,
the five judges in Brooks would confine the courts of appeals to
addressing the purely legal question of whether the evidence, when not weighed
but viewed in the light most favorable to the prosecution, is legally
sufficient to support a criminal conviction.  These judges have rendered the
factual-conclusivity clause of the Texas Constitution and article 44.25 of the
Texas Code of Criminal Procedure without force or effect in criminal appeals.  

I
respectfully submit that the Court of Criminal Appeals has neither the
jurisdiction nor lawful authority to disgorge criminal defendants of this constitutional
protection.  In fact, three years prior to issuing its opinion in Clewis,
the court acknowledged that it may not order Texas courts of appeals to use a
legal-sufficiency appellate standard of review to decide questions of fact.  See
Ex parte Schuessler, 846 S.W.2d at 852.  Recognizing that it may not
“interfere[] with the fact jurisdiction of the intermediate appellate courts,”
the court emphasized that it is “not constitutionally authorized to adopt a
standard of review for the court[s] of appeals . . . inconsistent with
Art. V, § 6 of [the Texas] Constitution.”  Id. at 853 (quoting Meraz,
785 S.W.2d at 153) (emphasis added).  Any such action taken by the Court of
Criminal Appeals is “void ab initio.”  Id. at 852–53.

Relative
to the plurality and concurring opinions in Brooks, it is true under the
doctrine of stare decisis that once “the highest court of the State having
jurisdiction” of a matter decides a “principle, rule or proposition of
law,” that court and all “other courts of lower rank” must accept the
decision as “binding precedent.”  Swilley v. McCain, 374 S.W.2d 871, 875
(Tex. 1964) (emphasis added).  It is also true that the Court of Criminal
Appeals has final appellate jurisdiction relative to questions of law in
criminal cases.  Tex. Const. art. V, § 5.  However, only four of the Court of
Criminal Appeals judges would substitute the Jackson legal-sufficiency
standard for a factual-sufficiency standard under Article V, section 5 of the
Texas Constitution.  Brooks, 2010 WL 3894613, at *14.

Moreover,
under the factual-conclusivity clause, a Texas court of appeals is not a court
of rank “lower” than either the Texas Supreme Court or the Court of Criminal
Appeals because the courts of appeals have conclusive, exclusive, and final
authority over such questions of fact.  The Court of Criminal Appeals has
recognized that the factual-conclusivity clause provides “final appellate
jurisdiction to the courts of appeals on questions of fact brought before”
them.  Laster, 275 S.W.3d at 518–19.  Neither the Texas Supreme Court
nor the Court of Criminal Appeals has any jurisdiction to create a
factual-sufficiency appellate standard of review “in conflict” with the Texas
constitution, i.e., any standard that would eliminate or in any way interfere
with the exclusive authority of the courts of appeals to actually decide the
questions of fact presented to them by considering and weighing all the
evidence in a trial record.  See Ex parte Schuessler, 846 S.W.2d at 852;
Meraz, 785 S.W.2d at 152; see also Pool, 715 S.W.2d at 633–35; In
re King’s Estate, 244 S.W.2d at 661–62.  Thus, the doctrine of stare
decisis does not bind a Texas court of appeals to apply such an invalid,
unconstitutional, appellate standard of review. 

Nevertheless,
in the present majority and in previous opinions,[3] this Court
has reviewed factual-sufficiency issues as questions of law by applying the Jackson
legal-sufficiency standard of review.  Those dispositions are binding precedent. 
See Caddell v. State, 123 S.W.3d 722, 726–27 (Tex. App.—Houston
[14th Dist.] 2003, pet. ref’d) (explaining we are bound to follow our own precedent).  


I do
not disagree with the majority’s disposition of appellant’s legal and factual
sufficiency issues under the standard of review our court has adopted. 
Accordingly, I concur with the majority in affirming the trial court’s
judgment.

 

                                                                        

                                                            /s/        Charles
W. Seymore

                                                                        Justice

 

Panel consists of
Justices Seymore, Boyce, and Christopher (Boyce, J., majority).

Publish — Tex. R. App.
P. 47.2(b).

 









[1] I am not alone in my belief that Texas courts of
appeals have a constitutional duty to review evidence for factual sufficiency
when so requested.  See Ervin
v. State, ---S.W.3d---,  No.
01-10-00054-CR, 2010 WL 4619329, at *5–17 (Tex. App.—Houston [1st Dist.]
November 10, 2010, no pet. h.) (Jennings, J., concurring).





[2] Within the last month, I participated in four non-published
opinions in which this Court followed Brooks.  See Leyva v. State,
No. 14-09-00636-CR, 2010 WL 4514229 (Tex. App.—Houston [14th Dist.] Nov. 9,
2010) (mem. op., not designated for publication); Edwards v. State, No.
14-09-00074-CR, 2010 WL 4366114 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010,
no pet. h.) (mem. op., not designated for publication); Holmes v. State,
No. 14-09-00742-CR, 2010 WL 4366266 (Tex. App.—Houston [14th Dist.] Nov. 4,
2010, no pet. h.) (mem. op., not designated for publication); Paredes v.
State, No. 14-09-00732-CR, 2010 WL 4324395 (Tex. App.—Houston [14th Dist.]
Nov. 2, 2010, no pet. h.) (mem. op., not designated for publication).  On further reflection, I believe this court has
exclusive appellate jurisdiction over factual-sufficiency issues in criminal
cases, and we are under a constitutional obligation not to employ what is
patently a legal-sufficiency standard of review when a defendant has properly
raised a factual-sufficiency issue.





[3] See Shaw
v. State, ---S.W.3d---, No.
14-09-00412-CR, 2010 WL 4467456, at *8 (Tex. App.—Houston [14th Dist.] Nov. 9, 2010,
no pet. h.); Pomier v. State, ---S.W.3d---, No. 14-09-00247-CR, 2010
WL 4132209, at *2 (Tex. App.—Houston [14th Dist.] Oct. 21, 2010, no pet. h.); see
also Nwosoucha v. State, ---S.W.3d---, No. 14-08-01131-CR, 2010 WL 4380290,
at *8 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, no pet. h.) (recognizing
that legal-sufficiency standard of review remains after Brooks).