Opinion issued December 30, 2010



In The

Court of Appeals

For The

First District of Texas

————————————

NOS. 01-08-00937-CR

          01-08-00938-CR

———————————

SHANELL
MONIQUE MOSLEY,
Appellant

V.

THE STATE OF
TEXAS, Appellee

 

 



On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause Nos. 1182323 & 1182322

 

 



CONCURRING OPINION

 

I concur in the judgments of this
Court, but write separately to explain why 
I do so in regard to the questions of fact presented to this Court by
appellant, Shanell Monique Mosley, in light of my recent concurring opinion in Ervin
v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *5–17 (Tex. App.—Houston
[1st Dist.] Nov. 10, 2010, no pet. h.) (Jennings, J., concurring).  

In her second and fourth issues,
appellant, citing Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000),
argues that the evidence, when viewed not in the light most favorable to the
prosecution, but when viewed neutrally, is factually insufficient to
support her conviction for abandoning her children[1]
because that evidence is “so weak that it makes the jury’s verdict clearly
wrong and unjust” or “the finding of guilt is against the great weight and
preponderance of the evidence.”  

As the Texas Court of Criminal
Appeals clearly explained as recently as 2009, in addition to being supported
by legally sufficient evidence, under Texas law, 

A verdict must also be supported by factually
sufficient evidence.  But unlike a
legal sufficiency review, which is a federal due process requirement, a
factual sufficiency review is a creature of state law. . . . On direct appeal, a court must begin its factual
sufficiency review with the assumption that the evidence is legally sufficient
under Jackson. 
Evidence that is legally sufficient, however, can be deemed factually
insufficient in two ways: (1) the evidence supporting the conviction is “too
weak” to support the factfinder’s verdict, or (2) considering conflicting
evidence, the factfinder’s verdict is “against the great weight and
preponderance of the evidence.” . . .  When a court of appeals conducts a factual
sufficiency review, it must defer to the jury’s findings. . . .  We have
set out three “basic ground rules” implementing this standard. . . .  First, the
court of appeals must consider all of the evidence in a neutral light, . . . as opposed to in a light
most favorable to the verdict.
. . .  Second, the court of appeals may
only find the evidence factually insufficient when necessary to “prevent
manifest injustice.” . . .  Although the verdict is afforded less deference
during a factual sufficiency review, the court of appeals is not free to
override the verdict simply because it disagrees with it. . . .  Third,
the court of appeals must explain why the evidence is too weak to support the
verdict or why the conflicting evidence greatly weighs against the verdict. . . .  This requirement serves two related
purposes.  First, it supports the court
of appeals’s judgment that a manifest injustice has occurred. . . .  And
second, it assists us in ensuring that the standard of review was properly
applied.

 

Laster v. State, 275 S.W.3d 512, 518 (Tex. Crim.
App. 2009) (Keasler, J., joined by Keller, P.J., Meyers, Womack, and Hearvey,
JJ.) (emphasis added) (citations omitted). 


          In
fact, in 2005, on a direct appeal to the court of criminal appeals of a
death-penalty capital murder conviction, the court itself conducted a factual‑sufficiency
review of the evidence and reversed the conviction, which was based on the law
of parties.  Vodochodsky v. State,
158 S.W.3d 502, 511 (Tex. Crim. App. 2005). 
In remanding the case, which involved the murder of three peace
officers, for a new trial, Judge Keasler, writing for the majority, neutrally
weighed the evidence and explained:

          In this
case, the overwhelming weight of the evidence mitigates against the
conclusion that Vodochodsky solicited, encouraged, directed, aided or attempted
to aid [the principal actor] in committing the offense.  All of the evidence that could legally
support a rational jury’s conclusion is nevertheless so weak that our
confidence in the jury’s verdict is undermined. Although there was some
evidence of a second shooter on the roof, this was not established.  While Vodochodsky’s statements were
inconsistent, the inconsistencies were minor. 
When [the principal actor] expressed a desire to “do it right now” and
Vodochodsky told him they did not yet have a plan, neither man specifically
mentioned killing a peace officer.  When
Vodochodsky told [another] that he bailed [the principal actor]  out of jail “to do this,” he did not
specifically state that he bailed him out as part of a plan to kill police
officers.  Vodochodsky removed belongings
from the house, but there is no proof that he did so as part of a murderous
plot.  And Vodochodsky’s comment to [the
other] that [the principal actor] had “gone over the edge” when he took [a]
deputy’s gun could just as reasonably have been a speculative comment, not one
indicating that Vodochodsky had witnessed [the murder of one of the officers].

 

                   Indeed, none of that evidence
necessarily suggests that Vodochodsky acted with intent to promote or assist
[the principal actor].  None of his
statements directly refer to killing police officers.  His statements are devoid of information on
the details of the alleged murder plot, and there is no other information in
the record suggesting that Vodochodsky was planning the event with [the
principal actor].

 

Furthermore, other evidence suggests that Vodochodsky
was not working with [the principal actor].  His whispered warning to [a witness] could
indicate that while he may have known of [the principal actor]’s plan, he was
not a party to it.  He did not
participate in the purchase of ammunition. 
There is no evidence that Vodochodsky actually did any affirmative act
to assist [the principal actor] with the plan. 
Instead, Vodochodsky had the bad luck of being the friend and roommate
of a man determined to kill police officers and himself.

 

          We conclude that proof of
Vodochodsky’s guilt was so weak as to undermine confidence in the jury’s
determination.  This evidence was factually
insufficient to convict.  Point of
error two is sustained.

 

We reverse the judgment of the trial court and remand
this case for Vodochodsky to answer the charges in the indictment.

 

Id. at
510–11 (emphasis added) (citations omitted). 


 

          In
regard to appellate challenges based on the factual insufficiency of the
evidence in Texas courts of appeals, the factual-conclusivity clause of the
Texas Constitution provides in no uncertain terms that: 

[T]he decision of [Texas Courts of Appeals] shall be conclusive
on all questions of fact brought before them on appeal or error. 

 

Tex. Const. art. V, § 6(a) (emphasis
added).  The original intent of the
drafters of the clause is clear.  The
clause “requires” that Texas courts make a “distinction” between questions of
law and questions of fact.  Sw. Bell
Tel. Co. v. Garza, 164 S.W.3d 607, 621 (Tex. 2004).  As clearly explained, again by the court of
criminal appeals, in Laster,

Unlike our jurisdiction over legal sufficiency
decisions, our jurisdiction over the court of appeals’s factual sufficiency
decisions is limited. . . .  The Factual Conclusivity Clause gives
final appellate jurisdiction to the court of appeals on questions of fact brought
before the court. . . .  We review the court of appeals’s factual
sufficiency analysis to ensure that the court applied the correct legal
standard and considered all of the relevant evidence. . . .  We do not conduct a de novo factual
sufficiency review. . . .  If we determine that the court of appeals
applied the wrong standard or misapplied the correct standard, the case must be
remanded to the court of appeals to conduct a proper factual sufficiency
review. 

 

275 S.W.3d 518–19 (emphasis added)
(citations omitted).

Thus, under the factual-conclusivity
clause, this Court has a duty to address appellant’s question of fact as a
question of fact, i.e., by neutrally considering and weighing all the evidence
in the record, including that which is contrary to the jury’s verdict.  Id.; Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997); Ex parte Schuessler, 846 S.W.2d 850,
852 (Tex. Crim. App. 1993); Meraz v. State, 785 S.W.2d 146, 153 (Tex.
Crim. App. 1990); see also Pool v. Ford Motor Co., 715 S.W.2d
629, 633–35 (Tex. 1986); In re King’s Estate, 244 S.W.2d 660, 661–62
(Tex. 1951).  Moreover, the Texas
Legislature has expressly directed, consistent with the factual-conclusivity
clause, that Texas courts of appeals “may reverse the judgment in a criminal
action . . . upon the facts.”  Tex. Code Crim. Proc. Ann. art. 44.25
(Vernon 2006) (entitled, “Cases Remanded”). 
Indeed, it is reversible error for a court of appeals to address a
question of fact as a question of law.  In
re King’s Estate, 244 S.W.2d at 661–62; Ex parte Schuessler, 846
S.W.2d at 852; Meraz, 785 S.W.2d at 153.

Regardless, five judges on the court
of criminal appeals, in two separate opinions, have recently concluded that in
criminal cases “a legal-sufficiency [appellate] standard [of review] is
‘indistinguishable’ from a factual-sufficiency [appellate] standard” of
review.  Brooks v. State, 323
S.W.3d 893, 901 (Tex. Crim. App. 2010) (Hervey, J., joined by Keller, J.,
Keasler, J., and Cochran, J.); see id. at 912–26 (Cochran, J., joined by
Womack, J., concurring) (overruling use in criminal cases of
factual-sufficiency appellate standard of review, which was consistent with
Texas Supreme Court precedent and articulated in Clewis v. State, 922
S.W.2d 126, 134–36 (Tex. Crim. App. 1996)). 
The five judges purport to substitute a legal-sufficiency appellate
standard of review in place of a factual‑sufficiency appellate standard
of review.  Brooks, 323 S.W.3d at
895 (holding that legal-sufficiency standard articulated in Jackson v.
Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979) is “only standard” reviewing
court should apply in determining whether evidence is sufficient to support
each element of criminal offense). 
Asserting that the “two standards have become essentially the
same standard and that there is no meaningful distinction between them that
would justify retaining them both,” the five judges purport to eliminate
from Texas’s criminal jurisprudence the factual-sufficiency appellate standard
of review.  Id. (emphasis added). 

The effect of this, which was not
addressed by the five-judge majority in either of their opinions, would be to
prohibit Texas courts of appeals in criminal cases from actually deciding
questions of fact, which by their very nature require a Texas court of appeals
to consider and weigh all the evidence in a trial record, and, if appropriate,
reverse the judgment of a trial court and remand for a new trial as was done by
the court of criminal appeals in Vodochodsky.  It would confine the courts of appeals to
addressing the purely legal question of whether the evidence, when not
weighed, but rather when viewed in the light most favorable to the
prosecution, is legally sufficient to support a criminal conviction.  Thus, it would render the factual-conclusivity
clause of the Texas Constitution and article 44.25 of the Texas Code of
Criminal Procedure dead letters in criminal appeals.  

Simply put, the court of criminal
appeals has neither the jurisdiction nor any lawful authority to do this.  In fact, three years prior to issuing its
opinion in Clewis, the court itself acknowledged that it simply may not
order Texas courts of appeals to use a legal-sufficiency appellate standard of
review to decide the questions of fact brought before them on appeal.  Ex parte Schuessler, 846 S.W.2d at
852.  Recognizing that it may not
“interfere[] with the fact jurisdiction of the intermediate appellate courts,”
the court emphasized that it is “not constitutionally authorized to adopt a
standard of review for the court[s] of appeals . . . inconsistent with
Art. V, § 6 of [the Texas] Constitution.” 
Id. at 853 (emphasis added) (quoting Meraz, 785 S.W.2d at
153).  Any such action taken by the court
of criminal appeals is, in its own words, “void ab initio.”  Ex parte Schuessler, 846 S.W.2d at 853.


In regard to the plurality and
concurring opinions in Brooks, it is true that under the doctrine of
stare decisis that once “the highest court of the State having jurisdiction”
of a matter decides a “principle, rule or proposition of law,” that court and
all “other courts of lower rank” must accept the decision as “binding
precedent.”  Swilley v. McCain,
374 S.W.2d 871, 875 (Tex. 1964) (emphasis added).  It is also true that the court of criminal
appeals has final appellate jurisdiction on all questions of law in criminal
cases.  Tex.
Const. art. V, § 5.  However, only
four of the five court of criminal appeals judges who would substitute the Jackson
legal-sufficiency standard for a factual-sufficiency standard purport to do
so under Article V, section 5 of the Texas Constitution.  Brooks, 323 S.W.3d at 912 (Hervey,
J.).  

More importantly, under the
factual-conclusivity clause, a Texas court of appeals, in regard to its
decisions on the questions of fact presented to it, is not a court of rank
“lower” than either the supreme court or the court of criminal appeals because
the courts of appeals have conclusive, exclusive, and final authority over such
questions of fact.  As recognized by the
court of criminal appeals, the factual‑conclusivity clause gives “final
appellate jurisdiction to the courts of appeals on questions of fact brought
before” them.  Laster, 275 S.W.3d
at 518.  Under the clause, the court of
criminal appeals’ jurisdiction on questions of fact is “limited” to ensuring
that a court of appeals has answered a question of fact as a question of fact.  Id. 
And neither the supreme court nor the court of criminal appeals has any
jurisdiction to create a factual-sufficiency appellate standard of review “in
conflict” with the Texas Constitution, i.e., any standard that would eliminate
or in any way interfere with the exclusive authority of the courts of appeals
to actually decide the questions of fact presented to them by considering and
weighing all the evidence in a trial record. 
Ex parte Schuessler, 846 S.W.2d at 852–53; Meraz, 785
S.W.2d at 152; see also Pool, 715 S.W.2d at 633–35; In re King’s
Estate, 244 S.W.2d at 661–62.  Thus,
the doctrine of stare decisis does not bind a Texas court of appeals to apply
such an invalid, unconstitutional, appellate standard of review. 

After further consideration of the
instant case, I have grave doubts that the evidence, when viewed neutrally and
weighed, as was done in Vodochodsky, and not viewed only in the light
most favorable to the prosecution, is factually sufficient to support
appellant’s conviction.  Nevertheless,
the majority in Ervin decided to answer Ervin’s question of fact as a
question of law by applying the Jackson legal-sufficiency appellate
standard of review and viewing the evidence in the light most favorable to the
prosecution.  Although the majority erred
in doing so, this Court did have jurisdiction to so err, and, unless this Court
subsequently overrules Ervin, we must accept Ervin as binding
precedent.  Swilley, 374 S.W.2d at
875.

Accordingly, I concur in the judgments
of this Court.   

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel consists of Justices Jennings,
Alcala, and Massengale.

Justice Jennings, concurring.

Publish.  Tex.
R. App. P. 47.2(b).

 











[1]               See Tex. Penal
Code Ann. § 22.041 (Vernon 2010).