

# NUMBER 13-20-00158-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE WILLIAM GEORGE BROWN

### On appeal from the 377th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant William George Brown appeals the trial court's order denying his article 11.072 application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art 11.072. By one issue, Brown contends the trial court abused its discretion in denying his application because he established that his trial counsel was ineffective. We affirm.

### I.    BACKGROUND

In *Brown v. State*, No. 13-18-00239-CR, 2019 WL 3484427 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2019, pet. ref'd) (mem. op. not designated for publication), we set out the facts of this case. The underlying facts of this case have not changed, and we

restate them from the original opinion. *See id.* Brown was indicted for intentionally and knowingly threatening David Flores and Danny Flores, two brothers, with imminent bodily injury by pointing a firearm at them. *Id.* at *1. David owned a trucking company that would occasionally pay for and remove dirt from Brown's property. *Id.* On August 11, 2016, David's wife Corina Flores went to Brown's property to drop off magnets for David's trucks. *Id.* Corina testified that after she pulled her vehicle over on the gravel road located on the property, Brown approached her vehicle. *Id.* She noticed in her rearview mirror that he was holding a gun. *Id.* According to Corina, she and Brown had a confrontational conversation, and Brown told her that she and her family needed to leave the property. *Id.* Corina testified that she drove away from Brown's house toward the back of the property. *Id.*

David learned of the incident, and after loading up the trucks, he went to the front of the property to confront Brown about the incident. *Id.* David testified that as he approached Brown's house, Brown, who was inside of his fence, waved him over. *Id.* David parked his dump truck near Brown's house and went to talk with Brown. *Id.* David stated that they both argued and cursed at each other. *Id.*

Danny was driving a second dump truck and pulled up to the property. *Id.* Danny testified that he saw David arguing with Brown and stopped to find out what was going on to diffuse the situation. *Id.*

When Danny approached, Brown walked to his carport and retrieved a gun. *Id.* Danny and David both testified that Brown pointed the gun directly in their faces, threatening to kill them if they did not get off his property. *Id.* David walked away and

2

called 911. *Id.*

Brown testified that he approached Corina's vehicle holding his gun but that he never used it to threaten her; he was just being cautious about who was on his land. *Id.* He stated that he put the gun in his pocket when he talked to her. *Id.* He further testified that he did not wave David down but that David got out to confront him about what had happened with Corina. *Id.* Brown stated that he never cursed at David and that when Danny joined David, he was afraid of what they would do. *Id.* Brown admitted that he retrieved his gun, but he denied pointing the gun at either David or Danny or ever threatening either of them. *Id.*

At the charging conference, Brown's attorney asked the trial court to include a self-defense instruction. The trial court denied this request because Brown did not admit to the conduct necessary for aggravated assault. *Id.* at \*2; *see also* TEX. PENAL CODE ANN. § 22.02(a)(2). Specifically, Brown denied threatening David or Danny. *Brown*, 2019 WL 3484427 at \*2. The jury returned a guilty verdict. *Id.* Punishment was assessed at two years in the Texas Department of Criminal Justice—Institutional Division for each count, to run concurrently, suspended for ten years of community supervision. *Id.*

Brown appealed to this Court arguing the trial court abused its discretion by not including the self-defense instruction. *Id.* This Court overruled his issue, stating in relevant part, "Brown . . . expressly denied intentionally or knowingly threatening David or Danny with bodily injury . . . because he denied culpability for the actual crime with which he was charged, aggravated assault, he was not entitled to a self-defense instruction." *Id.* Brown appealed to the Court of Criminal Appeals, but the Court denied review.

3

Subsequently, Brown filed an application for a writ of habeas corpus in the trial court pursuant to article 11.072 of the Texas Code of Criminal Procedure contending he received ineffective assistance of counsel because trial counsel failed to request a self-defense instruction based specifically on a threat of the use of force. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072; *Gamino v. State*, 537 S.W.3d 507 (Tex. Crim. App. 2017); *see also* TEX. PENAL CODE ANN. § 9.04. The State filed a response, including proposed findings of fact and conclusions of law. The trial court denied the habeas application without a hearing and adopted the State's findings of fact and conclusions of law. Those findings are listed below:

Findings of Fact

1. Applicant's jury trial on two counts of aggravated assault with a deadly weapon commenced April 24, 2018.

2. During the charging conference on April 26, 2018, trial counsel requested a jury instruction of self-defense, which was denied by the Court.

3. The jury convicted Applicant of two counts of aggravated assault with a deadly weapon on April 26, 2018.

4. On each count, the jury assessed punishment of incarceration for a period of two years and recommended Applicant be placed on community supervision.

5. The trial court placed Applicant on community supervision for a period of 10 years and ordered Applicant serve 3 months in the Victoria County Jail as a condition of probation, to begin the day after the judgment became final.

6. The Applicant appealed the conviction to the Thirteen Court of Appeals, alleging the trial court erred in denying trial counsel's request for a self-defense jury instruction.

7. The appellate court affirmed the conviction, stating that "Here, Brown

4

denies that he committed the assault. Because he denied culpability for the actual crime with which he was charged, aggravated assault, he was not entitled to a self-defense instruction." *Brown v. State*, No. 13-18-00239-CR, 2019 WL 3484427, *2 (Tex. App.—Corpus Christi August 1, 2019, pet. ref'd) (mem. op., not designated for publication).

8. Applicant filed a petition for discretionary review with Court of Criminal Appeals on October 2, 2019, which was refused on December 18, 2019.

9. Applicant's motion for rehearing was denied on February 5, 2020.

10. The mandate from the Thirteenth Court of Appeals was issued February 10, 2020, and Applicant's term of community supervision began.

11. Applicant's [sic] filed his application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure on February 18, 2020, alleging he was denied effective assistance of counsel when his trial counsel failed to request a self-defense jury instruction pursuant to section 9.04 of the Texas Penal Code. See Tex. Penal Code § 9.04; Tex. Code Crim. Proc. art. 11.072.

12. Applicant's trial counsel, Neftali J. Villafranca, filed a responsive affidavit February 27, 2020. Therein counsel states,

   a. "Undersigned counsel did not argue for a specific instruction of 'Threats as a Justifiable Force' as per Texas Penal Code, Section 9.04 as a supporting vehicle for a self-defense instruction because the facts and evidence did not support such an argument."

   b. "The Defendant, Mr. Brown, never at any time, before or during the trial itself, testified that he had or exhibited the firearm to create an apprehension that he would use deadly force if necessary."

   c. "This is why undersigned counsel believed he properly argued for a self-defense instruction as per Section 9.32 of the Texas Penal Code…."

13. This Court finds the affidavit submitted by trial counsel, Neftali J. Villafranca, is corroborated by the record.

14. This Court finds the affidavit submitted by trial counsel, Neftali J. Villafranca, to be credible.

5

Conclusions of Law

1.  Because Applicant is currently on community supervision, article 11.072 applies to this case.

2.  In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977).

3.  To prevail on his claim of ineffective assistance of counsel, Applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668 (1984).

4.  An applicant must prove ineffective assistance of counsel by a preponderance of the evidence. *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011), *abrogated on other grounds by Cornwall v. State*, 471 S.W.3d 458 (Tex. Crim. App. 2015).

5.  An attorney is not ineffective for failing to make futile objections or frivolous motions. *Kinnamon v. State*, 791 S.W.2d 84, 97 (Tex. Crim. App. 1990), *overruled on other grounds by Cook v. State*, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994).

6.  The totality of counsel's representation is viewed in determining whether counsel was ineffective. *Cannon v. State*, 668 S.W.2d 401 (Tex. Crim. App. 1984).

7.  Because the Thirteenth Court of Appeals found Applicant was not entitled to a self-defense instruction, and because this Court finds the responsive affidavit submitted by Applicant's trial counsel to be truthful and supported by the record, this Court concludes as a matter of law that Applicant has not shown that counsel's performance in failing to request an instruction pursuant to 9.04 of the Texas Penal Code was deficient under the first part of the *Strickland* test, and therefore Applicant has not proven by a preponderance of the evidence any claim of ineffective assistance of trial counsel.

8.  Because the record will not support a finding by a preponderance of the evidence that Applicant has established his claim of ineffective assistance of trial counsel, this Court DENIES all relief in Applicant's application for writ of habeas corpus.

This appeal followed.

## II.    STANDARD OF REVIEW

Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PRO. ANN. art. 11.072, § 1. An applicant seeking post-conviction habeas corpus relief bears the burden to prove his claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). When reviewing an order denying relief on an article 11.072 post-conviction writ, "we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based on credibility and demeanor." *Id.* at 42; *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (providing that there is less leeway in an article 11.072 context to disregard the trial court's findings). We view the facts in the light most favorable to the trial court's ruling and will uphold the trial court's ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

## III.    APPLICABLE LAW

To be entitled to post-conviction relief on a claim of ineffective assistance of counsel, Brown must show that (1) trial counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) he was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Torres*, 483 S.W.3d at 43 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An applicant's claim fails unless he proves both prongs of the *Strickland* standard by a preponderance of the evidence. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim.

App. 2010). Failure to prove either prong defeats a claim of ineffective assistance. *Id.*

## IV. DISCUSSION

Here, the record provides that Brown's trial counsel requested a self-defense instruction:

| | |
|---|---|
| DEFENSE COUNSEL: | I am requesting—I have requested before, I think, off the record, and I am requesting, again, the initial instruction as to the — |
| THE COURT: | Self-defense. |
| DEFENSE COUNSEL: | —self-defense instruction, something in that regard, and I do so based on the fact that my understanding of the law is that if there is a scintilla of evidence that, that my client acted in self-defense, that we are entitled to that instruction. I understand what the Court's rule talked about before, but based on that, we are— that would be my only objection to the charge, if that instruction is kept out of the charge. We want that, we want that instruction in the charge, Your Honor. |
| THE COURT: | I understand. |

According to the Court of Criminal Appeals in *Gamino*, such a request by trial counsel is enough to invoke the applicable self-defense sections, including § 9.04:

Appellant requested that a self defense charge be given to the jury. He did not specify whether Section 9.31 or Section 9.32 applied, nor did he specifically mention Section 9.04. However, as a general rule, the requested charge need only be sufficient "to bring the request to the trial court's attention."

537 S.W.3d at 511(citations omitted); TEX. PENAL CODE ANN. § 9.04. Therefore, trial counsel requested a self-defense instruction.

Nonetheless, even assuming without deciding that trial counsel failed to invoke a

8

self-defense instruction under § 9.04, this Court previously held that Brown was not entitled to a self-defense instruction. *Brown*, 2019 WL 3484427, at \*2. This issue is decided and cannot be relitigated now on habeas review. A claim raised and rejected on direct appeal, is not cognizable on habeas review. *Ex parte Reynoso*, 257 S.W.3d 715, 723 (Tex. Crim. App. 2008); *see also Ex parte Schuessler*, 846 S.W.2d 850, 852 (Tex. Crim. App. 1993) (" . . . habeas corpus is traditionally unavailable to review matters which were raised and rejected on appeal . . . "). Because trial counsel did request an instruction, and because Brown was not entitled to an instruction, the trial court did not abuse its discretion in holding that trial counsel was not deficient.

We need not analyze *Strickland's* prejudice prong because Brown failed to show counsel's performance was deficient. *See* TEX. R. APP. P. 47.1; *Strickland*, 466 U.S. at 687. Because Brown cannot prove counsel was deficient by a preponderance of the evidence, his ineffective assistance of counsel claim fails. Therefore, the trial court did not abuse its discretion in denying habeas relief. *See Kniatt*, 206 S.W.3d at 664. We overrule Brown's sole issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of June, 2021.

9