**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00645-CR

————————————

**EDWIN EUGENE VERNON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 14CR2726**

---

## CONCURRING OPINION

I concur in the judgment of the Court and write separately to explain why, although this Court has a duty to address the factual-sufficiency challenge of appellant, Edwin Eugene Vernon, Jr., in accord with the Factual-Conclusivity Clause

of the Texas Constitution,[1] I agree that we must, at this time, overrule his challenge in light of this Court's precedent in *Ervin v. State*, 331 S.W.3d 49 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).[2]

In his sixth issue, appellant argues that the evidence is factually insufficient to support his conviction for the offense of indecency with a child[3] and "urge[s] [the Court] to reexamine [its] precedent[]" because "[t]he abolition of factual sufficiency review in criminal cases leaves a gaping hole in the constitutional protection of [Texas's] citizens."

The failure to conduct appellant's requested factual-sufficiency review, as required by the Texas Constitution, results in the denial of due process of law. *See* U.S. CONST. amends. V ("No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."), XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."); TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty,

---

[1] TEX. CONST. art. V, § 6(a).

[2] We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). This Court now reviews the factual sufficiency of the evidence under the same appellate standard of review as that for legal sufficiency. *Ervin v. State*, 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

[3] *See* TEX. PENAL CODE ANN. § 21.11(a) (Vernon Supp. 2017).

2

property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."); *see also id*. art. V, § 6(a) ("[T]he decision of [the Texas Courts of Appeals] shall be conclusive on all questions of fact brought before them on appeal or error.").

Further, this Court's failure to address appellant's factual-sufficiency challenge in accord with the Factual-Conclusivity Clause violates his right to equal protection of law. *See* U.S. CONST. amend. XIV, § 1 ("No State shall . . . deny to any person . . . the equal protections of the laws."); TEX. CONST. art. I, § 3 (equal protection); *Payne v. State*, No. 01-16-00821-CR, 2017 WL 5503650, at *4–8 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, no pet.) (mem. op., not designated for publication) (Jennings, J., concurring); *Paredes v. State*, No. 01-15-00708-CR, 2017 WL 817170, at *11–15 (Tex. App.—Houston [1st Dist.] Mar. 2, 2017, pet. ref'd) (mem. op., not designated for publication) (Jennings, J., concurring); *Alvarado v. State*, No. 01-14-00894-CR, 2016 WL 7694355, at *5–9 (Tex. App.—Houston [1st Dist.] Dec. 22, 2016, no pet.) (mem. op., not designated for publication) (Jennings, J., concurring); *Edwards v. State*, 497 S.W.3d 147, 165–68 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (Jennings, J., concurring); *Bearnth v. State*, 361 S.W.3d 135, 146–47 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (Jennings, J., concurring); *Kiffe v. State*, 361 S.W.3d 104, 110–19 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (Jennings, J., concurring); *Mosley v. State*, 355 S.W.3d 59, 73–77

3

(Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Jennings, J., concurring); *Kibble v. State*, 340 S.W.3d 14, 24–27 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (Jennings, J., concurring); *Ervin*, 331 S.W.3d at 56–70 (Jennings, J., concurring); *see also Ibe v. State*, No. 01-12-00422-CR, 2014 WL 1058129, at *3 n.1 (Tex. App.—Houston [1st Dist.] Mar. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (panel acknowledging failure to address defendant's question of fact violated United States Constitution's guarantees of due process of law and equal protection of laws); *Fisher v. State*, No. 01-11-00516-CR, 2013 WL 4680226, at *4– 5 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, pet. ref'd) (mem. op., not designated for publication) (same).

As the Texas Court of Criminal Appeals clearly explained, as recently as 2009, in addition to being supported by legally-sufficient evidence, under Texas law,

> A verdict must also be supported by factually sufficient evidence. But unlike a legal sufficiency review, which is a federal due process requirement, a *factual sufficiency review is a creature of state law*. On direct appeal, a court must begin its factual sufficiency review with the assumption that the evidence is legally sufficient under *Jackson* [*v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979)]. *Evidence that is legally sufficient, however, can be deemed factually insufficient in two ways: (1) the evidence supporting the conviction is "too weak" to support the factfinder's verdict, or (2) considering conflicting evidence, the factfinder's verdict is "against the great weight and preponderance of the evidence."* When a court of appeals conducts a factual sufficiency review, it must defer to the jury's findings. We have set out three "basic ground rules" implementing this standard. First, the court of appeals must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict. Second, the court of appeals may only find the evidence factually insufficient when necessary to "prevent

manifest injustice." Although the verdict is afforded less deference during a factual sufficiency review, the court of appeals is not free to override the verdict simply because it disagrees with it. Third, the court of appeals must explain why the evidence is too weak to support the verdict or why the conflicting evidence greatly weighs against the verdict. This requirement serves two related purposes. First, it supports the court of appeals's judgment that a manifest injustice has occurred. And second, it assists [the court of criminal appeals] in ensuring that the standard of review was properly applied.

*Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009) (Keasler, J., joined by Keller, P.J., Meyers, Womack & Hervey, JJ.) (emphasis added) (internal footnotes omitted).

In regard to appellate challenges based on the factual insufficiency of the evidence in Texas courts of appeals, the Factual-Conclusivity Clause of the Texas Constitution provides in no uncertain terms that:

[T]he decision of [the Texas Courts of Appeals] shall be conclusive on all **questions of fact** brought before them on appeal or error.

TEX. CONST. art. V, § 6(a) (emphasis added). The original intent of the drafters of the clause is clear. The clause "requires" that Texas courts make a "distinction" between questions of law and questions of fact. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 621 (Tex. 2004). As clearly explained, again, by the Texas Court of Criminal Appeals, in *Laster*:

Unlike [the court of criminal appeals's] jurisdiction over legal sufficiency decisions, [its] jurisdiction over the court of appeals's factual sufficiency decisions is limited. ***The Factual[-]Conclusivity Clause gives final appellate jurisdiction to the court of appeals on questions of fact brought before the court***. We review the court of

5

> appeals's factual sufficiency analysis to ensure that the court applied the correct legal standard and considered all of the relevant evidence. We do not conduct a de novo factual sufficiency review. If we determine that the court of appeals applied the wrong standard or misapplied the correct standard, the case must be remanded to the court of appeals to conduct a proper factual sufficiency review.

275 S.W.3d at 518–19 (emphasis added) (internal footnotes omitted).

Thus, under the Factual-Conclusivity Clause, this Court has a duty to address appellant's question of fact as a question of fact, i.e., by neutrally considering and weighing all the evidence in the record, including that which is contrary to the jury's verdict. *Id*.; *Cain v. State*, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997); *Ex parte Schuessler*, 846 S.W.2d 850, 852 (Tex. Crim. App. 1993); *Meraz v. State*, 785 S.W.2d 146, 153 (Tex. Crim. App. 1990); *see also Pool v. Ford Motor Co*., 715 S.W.2d 629, 633–35 (Tex. 1986); *In re King's Estate*, 244 S.W.2d 660, 661–62 (Tex. 1951). Moreover, the Texas Legislature has expressly directed, consistent with the Factual-Conclusivity Clause, that Texas Courts of Appeals "may reverse the judgment in a criminal action . . . upon the facts." TEX. CODE CRIM. PROC. ANN. art. 44.25 (Vernon 2018). Indeed, it is well-settled that it is reversible error for a court of appeals to address a question of fact as a question of law. *In re King's Estate*, 244 S.W.2d at 661–62; *see also Ex parte Schuessler*, 846 S.W.2d at 852; *Meraz*, 785 S.W.2d at 153.

However, the Texas Court of Criminal Appeals, disregarding the plain language of Article V, Section 6 of the Texas Constitution, the plain language of

6

Article 44.25 of the Texas Code of Criminal Procedure, decades-old precedent of the Texas Supreme Court, and its own well-established precedent, has purported to "abolish[]" factual-sufficiency review in criminal cases in Texas. *Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011). In two separate opinions, the court concluded that in criminal cases, "a legal-sufficiency [appellate] standard [of review is] 'indistinguishable' from a factual-sufficiency [appellate] standard" of review. *Brooks v. State*, 323 S.W.3d 893, 901 (Tex. Crim. App. 2010) (Hervey, J., joined by Keller, P.J., Keasler & Cochran, JJ.); *see id.* at 912–26 (Cochran, J., joined by Womack, J., concurring) (overruling use in criminal cases of factual-sufficiency appellate standard of review, which was consistent with Texas Supreme Court precedent and articulated in *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)).

Subsequently, this Court, in light of the Texas Court of Criminal Appeal's plurality opinions in *Brooks*, decided to answer questions of fact in criminal appeals as pure questions of law by applying the legal-sufficiency appellate standard of review to fact questions and viewing the evidence in the light most favorable to the jury's verdict, not neutrally reweighing it. *See Ervin*, 331 S.W.3d at 52–56. Although the majority in *Ervin* erred in doing so, this Court did have jurisdiction to so err, and, until this Court or a higher court overrules *Ervin*, we must accept it as binding precedent. *See Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964); *see*

7

*also Benge v. Williams*, 472 S.W.3d 684, 738 (Tex. App.—Houston [1st Dist.] 2014) (Jennings, J., dissenting from denial of en banc reconsideration) (although "we are not free to disregard binding precedent," as appellate court justices, "we . . . are certainly free to point out any flaws in the reasoning of the [binding] opinions"), *aff'd*, 548 S.W.3d 466 (Tex. 2018); *Jones v. State*, 962 S.W.2d 96, 99 (Tex. App.—Houston 1997) (Taft, J., concurring) (although "we are bound by precedent . . . , we are not gagged" by it), *aff'd*, 984 S.W.2d 254 (Tex. Crim. App. 1998).

Given the express language of Article V, Section 6 of the Texas Constitution and Article 44.25 of the Texas Code of Criminal Procedure, it is readily apparent that answering appellant's question of fact as a purely legal question violates the United States Constitution's guarantee of due process of law, as well as its guarantee of the equal protection of the laws, because it, in fact, deprives him of his well-established Texas appellate remedy of a new trial, recognized in the Texas Constitution and by the Texas Legislature in Article 44.25. *See* U.S. CONST. amends. V, XIV; *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 590 (1956) (concluding in states providing for appellate review, criminal defendant entitled to protections afforded under Due Process and Equal Protection Clauses of United States Constitution); *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 111, 117 S. Ct. 555, 561 (1996) ("This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues

must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (internal quotations omitted)).

Moreover, given that the Texas Supreme Court, in reading Article V, Section 6 of the Texas Constitution, clearly recognizes the right of civil litigants to present intermediate courts of appeals with questions of fact and the remedy of a remand for a new trial, the denial of that right, given that Article V, Section 6 is not in any way limited to civil cases, amounts to a denial of the equal protection of the law. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 3. "There is no sound basis for the disparate interpretations of a single constitutional provision based on whether the matter on appeal is civil or criminal in nature." Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 ST. MARY'S L.J. 423, 424 (1991).

Although Texas Courts of Appeals have only rarely found evidence factually insufficient to support criminal convictions or findings in civil cases, the right of a defendant in a criminal case or a litigant in a civil case to assert a question of fact on appeal and request a remand for a new trial is critical and in no way interferes with the right to trial by jury. As explained by former Texas Supreme Court Chief Justice Thomas Phillips:

> Appellate courts have the authority to review the sufficiency of evidence in support of the fact finder's determinations for one reason: *to undo the effect of an unjust trial*. This traditional judicial function, now exercised only by our intermediate appellate courts, neither

9

conflicts with nor infringes upon the right of trial by jury. No appeals court in Texas has ever been given, or has ever exercised, the authority to *find* any fact. ***The extent of an appellate court's power is, as it has always been, to remand for new trial if more than a scintilla of probative evidence exists to support the result reached by the jury.***

This authority exists regardless of whether the court of appeals is reviewing a jury's finding or its "non-finding," that is, the failure of a jury to find a fact. ***In either case, the court is not substituting its own finding for the jury's; it is merely ordering a new trial before another jury for a new determination.***

***The court of appeals must have this authority in order to do justice.*** Trials may be just as unfair when the party with the burden of proof unjustly loses as when the party with the burden of proof unjustly wins. ***To fulfill its constitutional responsibilities***, the court of appeals must have authority to review both findings and non-findings.

*Herbert v. Herbert*, 754 S.W.2d 141, 145 (Tex. 1988) (Phillips, C.J., concurring) (emphasis added) (internal citations omitted).

In sum, the Factual-Conclusivity Clause of the Texas Constitution provides a much-needed and critical fail-safe against manifestly unjust convictions that are based on evidence that is factually insufficient, although legally sufficient. And, respectfully, neither this Court, nor the Texas Court of Criminal Appeals has the legitimate power to "abolish" this constitutionally guaranteed right. *See Ex parte Schuessler*, 846 S.W.2d at 852–53 (court of criminal appeals does not have authority to "create[] a standard of review for the courts of appeals that contravene[s] the Texas Constitution"); *see also M.L.B.*, 519 U.S. at 111, 117 S. Ct. at 561 ("This Court has never held that the States are required to establish avenues of appellate

10

review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." (internal quotations omitted)). As previously explained by the court of criminal appeals:

> The court of appeals is . . . constitutionally given the authority to determine if a jury finding is against the great weight and preponderance of the evidence and if this is improper it is up to the people of the State of Texas to amend the Constitution.

*Meraz*, 785 S.W.2d at 154.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Caughey.

Jennings, J., concurring.

Publish. TEX. R. APP. P. 47.2(b).